74125. OWENS v. RMA SALES, INC. et al.
(358 SE2d 897)

BENHAM, Judge.

Appellant Owens created a latex paint remover called "Goof Off," and in February 1980, contracted with appellee RMA Sales, Inc. ("RMA"), granting RMA "an exclusive worldwide distributorship to . . . sell, merchandise and distribute the [p]roduct." The contract required RMA to purchase from Owens the amount of the product it would be selling for a set price per gallon. The length of the contract was perpetual, unless terminated by material breach or pursuant to contractual terms. Paragraph 12 of the contract provided that during the term of the contract and for 360 days thereafter, RMA and its shareholders "shall not, directly or indirectly, sell, merchandise, or distribute any latex paint remover or other product which . . . is similar in nature to [Goof Off], to any person or entity whatsoever, regardless of the location of such person or entity."

In March 1982, RMA allegedly began terminating its agreements with sales representatives who had been selling Goof Off and referring customers to another company, appellee Armann Products Corporation ("Armann"), which was promoting "Remover Plus," a product

competing with Goof Off. Armann and RMA were composed of some of the same officers and major stockholders, including appellees R. L. Montgomery and R. M. Arnold. Appellant sued Montgomery, Arnold, and the two companies for damages and injunctive relief, based on their alleged breach of the contract and the covenant not to compete as set out in paragraph 12. Appellees moved to dismiss the complaint for failure to state a claim upon which relief could be granted, arguing that the contract was an undue restriction on competition. The trial court agreed and dismissed the complaint, from which appellant appeals. We affirm.

1. Appellant, relying on *Hood v. Legg*, 160 Ga. 620 (128 SE 891) (1925), contends that the provisions of the contract constituted a permissible covenant not to compete because it was ancillary to the sale of assets of a business to a corporation. We disagree. Our review of the contract shows that it was not in the nature of a sale of assets of a business to a corporation. No assets, stock, or goodwill were transferred from appellant to appellees; instead, appellees were specifically responsible for marketing and distributing the product on Owens' behalf, and Owens retained the right to sell the product on his own to third parties. The terms of the arrangement made the covenant not to compete one that was ancillary to a franchise and distributorship agreement, which is treated as an employment contract. See, e.g., *Richard P. Rita Personnel &c. v. Kot*, 229 Ga. 314 (191 SE2d 79) (1972). Such a covenant " 'is enforceable only where it is strictly limited in time and territorial effect and is otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee.' [Cit.]" *Jenkins v. Jenkins Irrigation, Inc.*, 244 Ga. 95, 98 (259 SE2d 47) (1979).

Appellant's attempt to prevent appellees from marketing similar products "worldwide" or "to any person or entity . . . regardless of . . . location" is clearly not limited in territorial effect, and thereby renders the entire contract illegal. Nor can we apply, as appellant argues in his second enumeration, the "blue-pencil theory of severability," since that argument has been rejected by the Supreme Court as to this category of restrictive covenant not to compete. *Richard P. Rita Personnel &c.*, supra. Appellant was, no doubt, aware of the state of the law in this regard, since his counsel conceded below that "if Paragraph 12 is invalid then the whole contract is invalid."

2. Appellant's final contention is that the trial court should not have held the written agreement invalid without taking evidence to determine the reasonableness of the restricted activity in the particular factual context to which it would be applied. The trial court acted correctly in ruling as it did, as the language of the contract was required to be strictly construed. See *Richard P. Rita Personnel &c.*, supra. Moreover, our review of the record reveals that Owens testified

that the terms of the agreement were that appellees would not sell another product like Goof Off anywhere in the world, and, if they did, he would have the right to take back the product. This evidence was sufficient for the court to find that, as applied, the restriction was too broad.

3. Appellees' motion for damages for frivolous appeal is denied.

*Judgment affirmed. Banke, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JUNE 17, 1987.

*A. Jack Hinton, Jr., Matthew J. Blender, Douglas R. Powell*, for appellant.

*Sidney L. Nation, William W. Lavigno III*, for appellees.