## A94A0130. AMSTELL, INC. v. BUNGE CORPORATION.
(443 SE2d 706)

JOHNSON, Judge.

Amstell, Inc., developed a fiber base concentrate to be used in the production of fiber-fortified milk. Amstell contracted to have the concentrate manufactured and distributed by Carlin Foods Corporation. Carlin also executed an agreement not to disclose certain confidential information it obtained from Amstell. Bunge Corporation became a party to the manufacturing and nondisclosure contracts after acquiring Carlin. Both contracts contain covenants not to compete. The manufacturing contract provides, "During the term of this Agreement, or for a period of 3 years thereafter, [Bunge] will not produce (or in any way assist or consult in the production of) for its own account or for others, any concentrates or finished products which are fiber-fortified milk concentrates." The nondisclosure agreement states, "[Bunge] agrees and covenants that during the period [Bunge] is supplying and producing fortified beverage products for Amstell and for a period of three years after termination thereof for any reason whatsoever, [Bunge] will not, directly or indirectly . . . anywhere

engage in any enterprise which develops, produces, licenses or markets fiber-based concentrates for the production of fiber-containing milks or dairy base concentrates for the production of fiber-containing shakes and ice cream." Amstell sued Bunge, claiming it had breached, inter alia, the covenants not to compete. The trial court granted Bunge's motion for partial summary judgment, holding that the covenants not to compete are invalid. Amstell appeals.

1. Amstell claims that Georgia law is inapplicable to the contracts in this case because they were executed in another state. Even if the contracts were executed elsewhere, they are governed by Georgia law because they are to be performed by Bunge, which is located in this state. "Under the rule of lex loci contractus, the validity, nature, construction, and interpretation of a contract are governed by the substantive law of the state where the contract was made, except that where the contract is made in one state and is to be performed in another state, the substantive law of the state where the contract is performed will apply. [Cit.]" *Federal Ins. Co. v. Nat. Distrib. Co.*, 203 Ga. App. 763, 765 (417 SE2d 671) (1992).

2. Amstell argues that the court erred in granting partial summary judgment to Bunge because the manufacturing and nondisclosure contracts are analogous to a contract for the sale of a business and therefore, if their covenants not to compete are overly broad, the court should have simply modified or "blue-penciled" them. See *Redmond v. Royal Ford*, 244 Ga. 711 (261 SE2d 585) (1979); *Reed v. Eastern Elec. &c. Co.*, 194 Ga. App. 650 (391 SE2d 472) (1990). This argument is without merit because the contracts at issue are not in the nature of a contract for the sale of a business. Amstell did not sell any business assets, stock or goodwill to Bunge. The contracts grant no exclusive rights to Bunge; Amstell retained the right to sell the product to third parties. Moreover, the nondisclosure agreement and Amstell's complaint designate Carlin, Bunge's predecessor, as an independent contractor. The terms of the arrangement plainly make the covenants not to compete ancillary to an independent contractor manufacturing and distributorship agreement, which is treated as an employment rather than a sales contract. See *Jenkins v. Jenkins Irrigation*, 244 Ga. 95, 97-98 (2) (259 SE2d 47) (1979). The court may not "blue-pencil" a covenant not to compete ancillary to an employment contract. *Redmond v. Royal Ford*, supra at 713; *Arnall Ins. Agency v. Arnall*, 196 Ga. App. 414, 416 (1) (396 SE2d 257) (1990).

"Such a covenant is enforceable only where it is strictly limited in time and territorial effect and is otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee." (Citation and punctuation omitted.) *Owens v. RMA Sales*, 183 Ga. App. 340, 341 (1) (358 SE2d 897) (1987). Here, the covenants not to compete contain absolutely no territorial limits.

In fact, the covenant contained in the nondisclosure agreement restricts Bunge from "anywhere" competing with Amstell. "A territorial limitation is necessary to give the employee notice of what constitutes a violation of the restrictive covenant and must specify with particularity the territory in which the employee is restricted." (Citations omitted.) *W. R. Grace &c. v. Mouyal*, 262 Ga. 464, 465 (2) (422 SE2d 529) (1992). Because the noncompetition covenants in the instant case contain absolutely no territorial limitations, they are invalid. See generally *Osta v. Moran*, 208 Ga. App. 544, 546-547 (2) (430 SE2d 837) (1993). The trial court did not err in granting partial summary judgment to Bunge.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MAY 2, 1994.

*Glass, McCullough, Sherrill & Harrold, R. Philip Shinall III, Geoffrey H. Cederholm III*, for appellant.

*Kilpatrick & Cody, Thomas C. Harney, James F. Bogan III*, for appellee.