A96A1965. CARROLL v. RALSTON & ASSOCIATES, P.C.
(481 SE2d 900)

BLACKBURN, Judge.
Randy Carroll appeals the trial court's order preliminarily enjoining him from competing with the business he previously sold to Ralston & Associates, P.C. (Ralston). Carroll contends that the covenant not to compete, on which the injunction was based, was too broad and ambiguous to be enforceable.

---

On May 31, 1995, Carroll sold his accounting and bookkeeping business to Ralston. As part of that transaction, Carroll transferred his customer list and client files, among other assets, to Ralston. As part of the sales agreement, Carroll signed a covenant not to compete which provided in pertinent part: "Carroll agrees that he will not, within the counties of Whitfield, Murray, Gordon and Bartow, State of Georgia, directly or indirectly, for the period commencing on [May 31, 1995] and ending seven years from said date, directly or indirectly, own, manage, operate, join, control, assist, participate in or be connected with, any person, professional corporation or other legal entity who is directly or indirectly in competition with the business of [Ralston] in the providing of public accounting or bookkeeping services."

After completing the sale, Carroll assumed a position with Tax & Accounting Network, Inc., a company owned by his wife and located next door to his former business. In January or February 1996, less than one year after signing the aforementioned covenant, Carroll sent a mailer to his former clients announcing that, in his new position, he would be offering "the same quality tax services as always." The record reflects that Carroll prepared various tax returns within the specified four-county area after executing the covenant, and that some of these returns were prepared for his former clients. After sending Carroll a notice to cease and desist, Ralston brought the underlying petition for injunctive relief.

On March 5, 1996, after conducting an evidentiary hearing, the trial court entered an injunction, pertaining to the four-county area specified in the covenant, temporarily enjoining Carroll from providing any tax preparation services or from soliciting customers previously transferred to Ralston. Carroll initially appealed to the Supreme Court. Finding that the appropriateness of the equitable relief granted by the trial court was ancillary to the underlying issue of law, the Supreme Court transferred the matter to this Court.

In his only enumeration, Carroll asserts that the trial court erred in issuing the injunction as the covenant it sought to enforce was unreasonably broad because it overprotects any legitimate business on the part of Ralston and unreasonably impacts on Carroll's livelihood and the public's ability to choose among different service providers. The reasonableness of such a restraint against competition is a question of law to be decided by the trial court. See *Dougherty, McKinnon &c., P.C. v. Greenwald, Denzik &c., P.C.*, 213 Ga. App. 891, 893 (2) (447 SE2d 94) (1994) (construing reasonableness of restraint in a covenant not to compete associated with an employment contract).

The reasonableness of a covenant not to compete given as part of the sale of a business is analyzed in terms of its limitations on time

and territory and its description of the prohibited activity. *Drumheller v. Drumheller Bag & Supply*, 204 Ga. App. 623, 627 (3) (420 SE2d 331) (1992). On appeal, Carroll does not contend that the covenant was invalid based on its time or territorial limitations. Rather, he asserts that the covenant was overly broad in the activities it prohibited.

In support of his argument Carroll cites *Singer v. Habif, Arogeti &c. P.C.*, 250 Ga. 376 (297 SE2d 473) (1982) and its progeny for the proposition that, in order to be enforceable, covenants not to compete must be strictly limited to protect only the legitimate interests of the purchaser; otherwise, they violate public policy. However, Carroll's reliance is misplaced as *Singer* concerned a covenant not to compete as it pertained to an employment contract. "A different standard is applied in determining the validity of covenants contained in employment contracts and those which are a part of a contract to sell a business. A covenant entered into as a part of a sale of a business can generally be drafted more broadly than one which is entered into as part of an employment contract." (Citations and punctuation omitted.) *Klein v. Williams*, 212 Ga. App. 39, 41 (3) (441 SE2d 270) (1994).

"There are valid reasons for this difference in treatment. . . . The vendor [who signs a covenant not to compete when selling a business] receives an equivalent for his partial abstention from that business, in the increased price paid him for it on account of his covenant. . . . [T]he covenant operates to his affirmative pecuniary benefit and against his impoverishment, in that, while being paid for desisting from the particular business in the locality covered by it, he may still enter upon other pursuits of gain in the same locality or upon this one in other localities. Finally, while such covenants preclude the competition of the covenantor, it is ordinarily neither their purpose nor effect to stifle competition generally in the locality . . . for the business in the hands of the purchaser is carried on just as it was in the hands of the vendor, the former merely takes the place of the latter." (Punctuation omitted.) *Jenkins v. Jenkins Irrigation*, 244 Ga. 95, 98-99 (2) (259 SE2d 47) (1979); see also *Watson v. Waffle House*, 253 Ga. 671, 672 (2) (324 SE2d 175) (1985) (non-competition covenant connected to the sale of a business may be more broadly construed than one related to an employment contract because "a contract for the sale of a business interest is far more likely to be one entered into by parties on equal footing").

This Court has previously held "the reasonableness of any covenant not to compete ancillary to the sale of a business must be measured on the basis of whether the restricted activity protects the pur-

chaser's legitimate business interests, i.e., the value of the business and its good will. [Cits.]" *Drumheller*, supra at 627-628 (3). In this case, the restricted activity — Carroll's participation in any tax-preparation activities — did protect a legitimate interest of Ralston, the purchaser. The record reveals that Carroll was an experienced accountant and was the key man in the operation of the accounting and bookkeeping business he sold to Ralston. It also reflects that in this type of business, client relationships are particularly important, as clients often grow to trust the skill of a particular individual and will continue to seek that person's judgment on various tax or financial matters. In fact, it was on this very basis that Carroll attempted to solicit his former customers. Therefore, the restriction contained within the covenant which barred Carroll from performing accounting services, including the preparation of tax returns, was reasonable and essential to protect the value of the business that Ralston had purchased as well as the good will of its customer base. Accordingly, the trial court did not err in rejecting Carroll's contention that the covenant was impermissibly restrictive in the activities it prohibited.

Carroll also argues that the covenant's prohibitions were ambiguous and thus the covenant should be construed against Ralston, the party who drafted it. However, Carroll waived his ability to raise this error by failing to include it in his enumeration. See *Mom Corp. v. Chattahoochee Bank*, 203 Ga. App. 847, 849 (3) (418 SE2d 74) (1992) (appellant cannot use brief to enlarge issues raised in enumeration).

In light of the above, the judgment of the trial court is affirmed.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 26, 1997.

McDonald, Kinnamon & Thames, Gregory H. Kinnamon, for appellant.

Avrett, Ponder & Withrock, John T. Avrett, William B. Barnwell, for appellee.