A99A1483. HERNDON v. WALLER.
(525 SE2d 159)

POPE, Presiding Judge.

Veterinarian Walter P. Waller signed a one-year renewable lease on a building owned by veterinarian Michael Herndon in Canton. The lease between Waller and Herndon contained a "No Compete" clause providing that if Waller should decide "to sever ties with (Herndon), (Waller) agrees not to operate as a Veterinarian for a distance of fifteen (15) miles and a period of two (2) years."

Waller filed a declaratory judgment action, indicating his intention to terminate the lease and to relocate his clinic within the vicinity of the leased premises. He asserted that the geographical restriction in the covenant was too vague to be enforceable and further that the covenant was unreasonable. Following a hearing, the trial court entered judgment in Waller's favor, finding that the geographical

restriction was vague, and Herndon appeals.

Putting aside the issue of whether the geographical restriction was vague, we affirm the judgment of the trial court because we find that the covenant in the parties' lease was not reasonable.

Georgia courts have traditionally grouped restrictive covenants into two categories: "covenants ancillary to an employment contract, which receive strict scrutiny and are not blue-penciled, and covenants ancillary to a sale of business, which receive much less scrutiny and may be blue-penciled." *Habif, Arogeti & Wynne v. Baggett,* 231 Ga. App. 289 (1) (498 SE2d 346) (1998). The lease containing the covenant not to compete in this case does not fit neatly into either of these categories. We must therefore determine whether it is most analogous to an employment contract or a contract for the sale of business. See *Watson v. Waffle House,* 253 Ga. 671, 672 (2) (324 SE2d 175) (1985). Courts often look to the relative bargaining power between the parties in determining the level of scrutiny to be applied:

> The rationale behind the distinction in analyzing covenants not to compete is that a contract of employment inherently involves parties of unequal bargaining power to the extent that the result is often a contract of adhesion. On the other hand, a contract for the sale of a business interest is far more likely to be one entered into by parties on equal footing. [Cit.]

Id.

While, here, there is no issue of unequal bargaining power, this case is distinguishable from most sale of business cases. In the usual case, it is the seller who covenants not to compete in order to protect the goodwill the purchaser is buying. See, e.g., *A & D Asphalt Co. v. Carroll & Carroll of Macon,* 238 Ga. App. 829 (520 SE2d 499) (1999); *Carroll v. Ralston & Assoc.,* 224 Ga. App. 862 (481 SE2d 900) (1997); *Edwards v. Davis,* 160 Ga. App. 122, 123 (3) (286 SE2d 301) (1981). And the seller generally receives a part of the purchase price in compensation for his promise not to compete. *Carroll v. Ralston & Assoc.,* 224 Ga. App. at 864; *Roberts v. Tifton Med. Clinic,* 206 Ga. App. 612, 614 (426 SE2d 188) (1992).

In this case, however, it is a lessee who is agreeing not to compete with the owner of a building in which a veterinary practice was most recently operated by a third party. And there is no evidence that the lessee, Waller, received any consideration in exchange for the covenant not to compete. These distinctions justify the application of a higher level of scrutiny:

> Since the covenant not to compete was not made by the seller in conjunction with the sale of a business but was made by [a lessee] in conjunction with [the lease of premises and equipment ancillary to the operation of] a business, the covenant receives the severe scrutiny given restrictive covenants ancillary to an employment contract.

(Citations and punctuation omitted.) *Johnstone v. Tom's Amusement Co.*, 228 Ga. App. 296, 300 (3) (491 SE2d 394) (1997) (physical precedent only).

To be enforceable, covenants not to compete in employment contracts must be " 'reasonable in terms of duration, territorial coverage, and the scope of activity precluded, considering the legitimate business interests the employer seeks to protect and the effect on the employee.' " (Citation omitted.) *Wright v. Power Indus. Consultants*, 234 Ga. App. 833, 834 (2) (508 SE2d 191) (1998). "In determining the legality of a restrictive covenant, a court may consider the nature and extent of the business, the situation of the parties, and all other relevant circumstances. [Cit.]" *Reardigan v. Shaw Indus.*, 238 Ga. App. 142, 143 (1) (518 SE2d 144) (1999).

The record below shows that no ongoing veterinary practice existed when Waller leased the premises from Herndon. Herndon had not practiced veterinary medicine at that location for more than six years, but instead had been out of the country pursuing a medical degree. Although a prior tenant had operated a veterinary clinic on the premises in the intervening years, he had defaulted on his lease and allowed the premises to remain vacant for some months and to fall into a state of disrepair. After signing the lease, Waller readied the premises for operation and began building a business. He altered the name of the clinic slightly to satisfy creditors who had supplied the previous defaulting tenant. At the time of the hearing, Waller had 1,104 clients, and of those, only 103 were from client files left by previous veterinarians, including the prior tenant.

The customers serviced at the leased premises, therefore, were Waller's and not Herndon's. And the covenant, which sought to restrict Waller from operating as a veterinarian within the prescribed limits, was not reasonable in light of the nature of the business and the parties' situation. See *Dothan Aviation Corp. v. Miller*, 620 F2d 504, 505-506 (5th Cir. 1980) (applying Georgia law). A decision right for any reason will be affirmed on appeal. *Khamis Enterprises v. Boone*, 224 Ga. App. 348, 351 (3) (480 SE2d 364) (1997).

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED NOVEMBER 12, 1999 —
RECONSIDERATION DENIED DECEMBER 15, 1999.

*James S. Altman*, for appellant.
*Gambrell & Stolz, Irwin W. Stolz, Jr.*, for appellee.