## A01A2226. ATTAWAY v. REPUBLIC SERVICES OF GEORGIA, LLP.
### (558 SE2d 846)

JOHNSON, Presiding Judge.

Republic Services of Georgia, LLP ("Republic") filed an action for permanent injunctive relief and damages against Robert Attaway. Attaway appeals an order of the trial court granting Republic's motion permanently restraining him from violating restrictive covenants contained in a sales agreement between Attaway and Republic. Attaway argues that a subsequent restrictive covenant in his employment contract supersedes the earlier covenant in the sales agreement. We do not agree, and we affirm the trial court's order restraining Attaway from violating the restrictive covenants.

On appeal from the grant of a permanent injunction, the standard of review is whether or not the trial court manifestly abused its discretion.[1] A "trial judge manifestly abuses his discretion when he grants an injunction adverse to a party without any evidence to support such judgment and contrary to the law and equity."[2]

With this standard in mind, the record shows that Attaway owned a waste collection and disposal business, Sinclair Disposal Service, Inc., which he sold to Republic on March 28, 1997. Sinclair conducted business in Baldwin, Johnson, Washington, Jones, Wilkinson, Hancock, Putnam, Greene, and Laurens Counties. As part of the transaction, Attaway transferred his customer lists, client accounts, and records, among other assets, to Republic. Paragraph 12.5 of the asset purchase agreement, signed on March 28, 1997, was a covenant not to compete which provided in part that Attaway would not:

> directly or indirectly, for a period of five years following the Closing Date, (i) engage in (as an owner, partner, employee, agent, consultant or otherwise) any business which would be competitive with the business conducted by the Seller or any of its Affiliates on the Closing Date in the counties of Johnson, Washington, Baldwin, Jones, Wilkinson, Hancock, Putnam, Greene and Laurens. . . .

Contemporaneous with the sale of the business, Attaway also signed a separate document ancillary to his forthcoming employment with Republic entitled "Covenant Not to Compete." The covenant was similar in scope to the noncompete clause in paragraph 12.5 of the purchase agreement, but was tied to his employment termination

---

[1] *Teachers' Retirement System &c. v. Forehand*, 234 Ga. App. 437, 438 (506 SE2d 913) (1998).

[2] Id.

date. The document stipulated that "In the event of any inconsistency between the provisions of the Agreement [the asset purchase agreement] and this Covenant Not To Compete, the terms of this Covenant Not To Compete shall control."

Following the sale, Attaway took a position with Republic as general manager of the Milledgeville operation, Sinclair Disposal Service. In March 1998 all of the managers, including Attaway, were required to sign a document entitled "Confidentiality and Non-Compete Agreement" which, in part, detailed employee obligations with regard to confidential information and ownership of work product. It also contained a subsection entitled "Agreement Not to Compete." This agreement contained the following language:

> Employee agrees not to compete, "raid" other employees, or solicit any customers, suppliers, or employees of customers or suppliers within one (1) year of leaving the employment of the Company for any reason whatsoever. Furthermore, Employee agrees that at all times during his/her employment with the Company and for twelve (12) months thereafter, Employee shall not (i) engage in any business as, or own an interest in, . . . any . . . business entity . . . if such entity is engaged in any business . . . competitive with any business conducted by the Company . . . in any place in the Territory. . . .

The managers were instructed that they must sign the document in order to receive salary bonuses and stock options as part of Republic's incentive program for managers.

In July 1999, Attaway left the company. He formed Attaway Waste Services in January 2000, and in August 2000, he began competing with Republic in the nine-county restricted area in the waste collection, disposal, and transportation business. Republic was granted a court order enjoining the operation of Attaway Waste Services until March 28, 2002, the date the 1997 covenant provision within the asset purchase agreement would expire.

In three related enumerations which he argues as one, Attaway contends that the trial court erred in finding that the covenant not to compete in the 1997 sales agreement was valid. According to Attaway, the restrictive covenant in the 1998 agreement superseded the restrictive covenant in the 1997 sales agreement because the subject matter of both documents is the covenant not to compete or solicit. He relies on a provision in the 1998 document which reads:

> The Agreement is ancillary to the employment of Employee with the Company and does not define all the terms and con-

ditions of that engagement, including but not limited to compensation, but expresses the entire agreement between Employee and the Company with respect to the subject matter of the Agreement and supersedes all prior oral or written understandings or agreements regarding that subject matter.

We find no error in the trial court's decision.

The evidence supports the trial court's finding that the subject matter of the 1997 sales agreement was the sale of Attaway's waste business and his related obligations as the seller, while the subject matter of the 1998 agreement was Attaway's employment. We decline to accept Attaway's argument that a one-year covenant not to compete ancillary to an employment agreement supersedes by its language the longer terms of the restrictive covenant in the sales agreement.

Clearly, the noncompete covenant ancillary to the sale of the business relates to subject matter entirely different from that of the noncompete covenant ancillary to Attaway's employment as a manager with Republic.

> The vendor who signs a covenant not to compete when selling a business receives an equivalent for his partial abstention from that business, in the increased price paid him for it on account of his covenant. The covenant operates to his affirmative pecuniary benefit and against his impoverishment, in that, while being paid for desisting from the particular business in the locality covered by it, he may still enter upon other pursuits of gain in the same locality or upon this one in other localities.[3]

Further, the restrictions act to protect the purchaser's legitimate business interests, such as good will and value of the business.[4]

The unambiguous language of the 1998 covenant states that "Employee will be given access to certain confidential and proprietary information relating to the Company and its business operations. As a condition of Employee's employment with the Company, the parties wish to confirm certain understandings with respect thereto." The subject matter of the 1998 agreement relates to Attaway's duties and obligations as a Republic employee. As such, we

---

[3] (Citations and punctuation omitted.) *Carroll v. Ralston & Assoc.*, 224 Ga. App. 862, 864 (481 SE2d 900) (1997).

[4] Id. See also *Redmond v. Royal Ford, Inc.*, 244 Ga. 711, 714 (261 SE2d 585) (1979) (promisors in the covenants in the sale of business sold the good will of their business and were compensated for it).

cannot agree that the covenant not to compete contained within this agreement acted to supersede a covenant not to compete within an asset purchase agreement for which Attaway was compensated over $4 million in stocks.[5]

As the trial court recognized, Georgia law provides substantial protection and latitude to covenants ancillary to the sale of a business because the covenants are a significant part of the consideration for the purchase of the business.[6] Accordingly, we find no error in the trial court's grant of Republic's motion for a permanent injunction to enforce the noncompete covenant in the 1997 sales agreement.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JANUARY 16, 2002 — 

*Anderson, Walker & Reichert, Travis M. Trimble,* for appellant. *Jones, Cork & Miller, Robert C. Norman, Jr.,* for appellee.

---

[5] See *Arnall Ins. Agency v. Arnall,* 196 Ga. App. 414, 419 (2) (396 SE2d 257) (1990).

[6] See *Carroll,* supra; *Drumheller v. Drumheller Bag & Supply,* 204 Ga. App. 623, 626 (1) (420 SE2d 331) (1992).