A07A1456. GLISSON v. GLOBAL SECURITY SERVICES, LLC.

(653 SE2d 85)

Ruffin, Judge.

Global Security Services, LLC ("Global") sued its former employee, William Glisson, to enforce a covenant not to compete and to recover damages for breach of the covenant. The trial court subsequently found the covenant binding upon Glisson and granted Global a permanent injunction. For reasons that follow, we reverse.

"On appeal from the grant of a permanent injunction, the standard of review is whether or not the trial court manifestly abused its discretion."[1] Abuse results if a trial judge awards injunctive relief "without any evidence to support such judgment and contrary to the law and equity."[2]

The record shows that in February 2005, Glisson entered into a two-year term of employment with Global, a security services firm. The written employment agreement contained a post-employment noncompetition clause, restricting Glisson from competing with Global "for a period equal to any severance compensation after the date of termination of employment."

In August 2006, approximately eighteen months into Glisson's two-year employment term, Global asked Glisson to sign another noncompetition agreement. According to Global's owner, James Walker, several employees had left the company and taken customer files, prompting Global to have a more extensive noncompetition agreement drafted for all employees. Glisson signed the new agreement on August 10, 2006. Among other things, the August agreement restricted Glisson from competing with Global in certain specified counties for two years after his employment ended.

Glisson became dissatisfied with the company at the end of 2006 and resigned on January 2, 2007. He intended to stay with Global through the end of his two-year contract, which expired on January 31, 2007. Walker, however, terminated Glisson's employment on January 5 after learning that Glisson planned to start his own security business.

---

[1] *Attaway v. Republic Svcs. of Ga.*, 253 Ga. App. 322 (558 SE2d 846) (2002).

[2] (Punctuation omitted.) Id.

Less than two weeks later, Global sued Glisson, seeking to enforce the August 2006 noncompetition agreement, and the trial court entered a temporary restraining order against Glisson.[3] Thereafter, the trial court held a hearing on Global's request for further injunctive relief. Finding the August agreement enforceable, the trial court permanently enjoined Glisson from competing against Global in the areas and during the period specified by the agreement. Glisson challenges this ruling on appeal, raising numerous arguments, including that the August restrictive covenant lacked consideration and thus is not binding. We agree.

To be enforceable, a covenant not to compete must be supported by valuable consideration.[4] In the employment context, such consideration often takes the form of a job opportunity; the employee "really gets nothing other than the opportunity to work in exchange for giving up [an] aspect of his freedom."[5] Attempting to satisfy this requirement, the August noncompetition agreement provided: "[I]t is a requirement of the Company that Employee agree to and adhere to the terms of this Agreement in order to be employed." The document further stated that the parties reached the agreement "in exchange for Ten Dollars ($10) and other good and valuable consideration."

Throughout this litigation, Global has argued — and the trial court found — that consideration for the August agreement rested in Glisson's continued employment.[6] The undisputed evidence shows, however, that at the time he signed the August agreement, Glisson was in the middle of a two-year employment contract with Global.

That contract authorized Global to terminate Glisson for cause if he "willfully breache[d] or habitually neglect[ed]" his employment duties. The contract also permitted termination under other limited circumstances, such as the mutual agreement of the parties or Glisson's death. But nothing in the contract language allowed Global to terminate Glisson for refusing to sign — or abide by — the noncompetition agreement presented to him in August 2006. Thus, although the August agreement purportedly conditioned Glisson's continued employment on adherence to its terms, Global was *already* obligated to employ him through January 31, 2007. And a promise to

---

[3] Global did not invoke the provisions of the original noncompetition provision in Glisson's employment contract, presumably because Glisson received no severance payment following his termination and thus was not restrained by the clause.

[4] See *Swartz Investments v. Vion Pharmaceuticals*, 252 Ga. App. 365, 367 (1) (556 SE2d 460) (2001); *Northside Hosp. v. McCord*, 245 Ga. App. 245, 247 (1) (537 SE2d 697) (2000).

[5] *Swartz*, supra at 369 (2).

[6] Global does not contend that the $10 payment referenced in the August agreement provided sufficient consideration, and the evidence demonstrates that this payment was never made.

perform a preexisting contractual obligation does not constitute consideration for a new agreement.[7]

Glisson's employment relationship with Global was not terminable at will. On the contrary, he had a two-year employment contract that did not permit termination for refusal to sign the August agreement. Continued employment, therefore, did not provide consideration for this new agreement, and the trial court erred in finding sufficient consideration for the August covenant not to compete.[8] Accordingly, the trial court abused its discretion in granting permanent injunctive relief to Global.[9]

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 25, 2007.

*Hunter, Maclean, Exley & Dunn, Sarah H. Lamar*, for appellant.
*Oliver, Maner & Gray, Patricia T. Paul*, for appellee.

---

[7] See *Dixie Groceries v. Albany Business Machines*, 156 Ga. App. 36, 37 (1) (274 SE2d 81) (1980); *Sands v. Citizens & Southern Nat. Bank*, 146 Ga. App. 853, 855-856 (2) (247 SE2d 544) (1978).

[8] See *Dixie Groceries*, supra; see also *Ins. Agents, Inc. v. Abel*, 338 NW2d 531, 534-535 (Iowa App. 1983) (promise of continued employment does not constitute consideration for covenant not to compete where employer already contractually obligated to retain employee for term of years). Compare *Breed v. Nat. Credit Assn.*, 211 Ga. 629, 631-633 (1) (88 SE2d 15) (1955) (promise of continued employment sufficient consideration for noncompetition agreement where employee terminable at will upon one week's notice).

[9] See *Attaway*, supra. For procedural reasons, Global argues on appeal that we should treat the trial court's ruling as a grant of an interlocutory – rather than permanent – injunction. Even if Global is correct, however, such temporary relief also would not be appropriate in this case, given the undisputed evidence that the August non-competition agreement lacked consideration. See *Smith v. Mid-State Nurses*, 261 Ga. 208, 209 (403 SE2d 789) (1991) ("[W]here there is no conflict in the evidence, the [trial] judge's discretion in granting or denying the interlocutory injunction becomes circumscribed by the applicable rules of law.") (punctuation omitted).