S08G1815. ATLANTA BREAD COMPANY INTERNATIONAL, INC. v. LUPTON-SMITH et al.
(679 SE2d 722)

BENHAM, Justice.

Appellant Atlanta Bread Company International, Inc. operates a franchise system of "bakery/delis" in twenty-five states, including

---

Georgia. Appellees entered into franchise agreements with appellant to operate five Atlanta Bread Company retail bakery/deli stores — four located in Atlanta, Georgia and one located in Knoxville, Tennessee.[1] Each of the franchise agreements contained the following clause:

> During the term of this Agreement, neither Franchisee nor any Principal Shareholder, for so long as such Principal Shareholder owns an Interest in Franchisee, may, without prior written consent of Franchisor, directly or indirectly engage in, or acquire any financial or beneficial interest in (including any interest in corporations, partnerships, trusts, unincorporated associations or joint ventures), advise, help, guarantee loans or make loans to, any bakery/deli business whose method of operation is similar to that employed by store units within the System.

During the term of these franchise agreements, appellees opened and began operating a P.J.'s Coffee & Lounge in Atlanta, Georgia. Appellant, believing appellees to be in violation of the above-quoted clause, sent a notice to appellees that it was terminating the franchise agreements. Appellees filed a request for a temporary restraining order (TRO) and the trial court entered a consent order that sustained the TRO until the parties' franchise agreements expired. After the TRO expired, appellant paid appellees approximately $840,000 for the tangible assets of the five stores operated by appellees. The case continued with appellees seeking damages for wrongful termination of the franchise agreements. The trial court granted partial summary judgment to appellees, finding the above-quoted "in-term" clause, as well as a post-termination non-compete clause and a non-disclosure covenant, to be void and unenforceable. The Court of Appeals affirmed (*Atlanta Bread Co. Intl., Inc. v. Lupton-Smith*, 292 Ga. App. 14 (663 SE2d 743) (2008)) and we granted certiorari. Because there is no error, we likewise affirm.

1. In Georgia, contracts that generally restrain trade are void against public policy. *W.R. Grace & Co. v. Mouyal*, 262 Ga. 464 (1) (422 SE2d 529) (1992).

> [C]ontracts in unreasonable restraint of trade are contrary to public policy and void, because they tend to injure the parties making them, diminish their means of procuring livelihoods and a competency for their families; tempt

---

[1] Appellees include Mr. Lupton-Smith and his five franchise companies.

improvident persons, for the sake of present gain, to deprive themselves of the power to make future acquisitions, and expose them to imposition and oppression; tend to deprive the public of services of [people] in the employments and capacities in which they may be most useful to the community as well as themselves; discourage industry and enterprise, and diminish the products of ingenuity and skill; prevent competition and enhance prices, and expose the public to all the evils of monopoly. [Cit.]

*Rakestraw v. Lanier*, 104 Ga. 188, 194 (30 SE 735) (1898). In this state, restrictive (or non-competition) covenants are considered to be partial restraints of trade and must be reasonable as to time, territory and scope to be enforceable. *W.R. Grace & Co. v. Mouyal*, supra, 262 Ga. at 465.

2. Appellant contends that the clause at issue is a "loyalty provision" and not a restrictive covenant such that it is not subject to being scrutinized for its reasonableness as to time, territory and scope. We disagree. A plain reading of the clause shows that it prohibits the franchisee from engaging in a certain type of business during the term of the parties' agreement and, thus, it is a partial restraint of trade designed to lessen competition. Such restraints, no matter the nomenclature assigned to them, are disfavored in this state as a matter of public policy. See *Barrett-Walls, Inc. v. T.V. Venture, Inc.*, 242 Ga. 816, 818 (251 SE2d 558) (1979); *Preferred Risk Mut. Ins. Co. v. Jones*, 233 Ga. 423 (2) (211 SE2d 720) (1975). When such restraints are found in franchise or distributorship agreements, our jurisprudence has held time and again that these restraints are subject to strict scrutiny, receiving the same treatment as non-competition covenants found in employment contracts. Id.; *Jenkins v. Jenkins Irrigation, Inc.*, 244 Ga. 95 (2) (259 SE2d 47) (1979); *Watson v. Waffle House, Inc.*, 253 Ga. 671, 672 (324 SE2d 175) (1985).

A non-competition covenant entered into in connection with a franchise or employment contract is enforceable, but only where it is strictly limited in time and territorial effect and is otherwise reasonable considering the business interest of [the party] sought to be protected and the effect on the franchisee.

*Allen v. Hub Cap Heaven, Inc.*, 225 Ga. App. 533, 538 (484 SE2d 259) (1997).

One of the questions posed to the parties in this case was whether our decision in *Jackson & Coker, Inc. v. Hart*, 261 Ga. 371 (405 SE2d 253) (1991) supports our jurisprudence that restrictive

covenants must be reasonable as to time, territory and scope. We believe that it does. In *Jackson & Coker, Inc. v. Hart,* this Court considered the constitutionality of OCGA § 13-8-2.1 as it related to a restrictive covenant in an employment contract. We found that the entire statute, including OCGA § 13-8-2.1 (d)[2] which referenced franchise agreements, was unconstitutional as it was an impermissible exercise of legislative authority due to the fact it authorized agreements which had the effect of lessening competition without considering reasonableness. See Ga. Const. of 1983, Art. III, Sec. VI, Par. V (c).[3] Thus, this Court has rejected a legislative attempt to usurp the application of standards of reasonableness to noncompetition covenants in employment agreements and, by extension, in franchise agreements. Accordingly, the Court of Appeals did not err when it cited *Jackson & Coker, Inc. v. Hart* for the proposition that the instant restraint was subject to scrutiny as to its reasonableness. *Atlanta Bread Co. Intl., Inc. v. Lupton-Smith,* 292 Ga. App. at 17-18 ("we decline to enforce a franchise agreement restrictive covenant, even an in-term covenant, restraining trade unless that restrictive covenant meets the reasonableness standards promulgated in Georgia").

3. Appellant argues that the clause at issue should receive less than strict scrutiny because the restraint occurs during the term of the franchise agreement rather than after the agreement's termination. This argument is unsupported by precedent. The appellate courts of this state have considered such restraints occurring during the active term of the parties' agreement and have made no distinction as to the level of scrutiny applied based on whether the restraint occurs during the term of the agreement or after the agreement has been terminated. *Barrett-Walls, Inc. v. T.V. Venture, Inc.,* supra, 242 Ga. 816. In *Barrett-Walls,* this Court applied strict scrutiny review to an in-term restrictive covenant[4] in a distributorship/division agreement and struck down the in-term restraint because its territorial limitation was overly broad. Id. at 819. See

---

[2] OCGA § 13-8-2.1 (d) provided that "[a]ny restriction that operates during the term of [a] ... franchise ... shall not be considered unreasonable because it lacks any specific limitation upon scope of activity, duration, or territory...."

[3] Ga. Const. of 1983, Art. III, Sec. VI, Par. V (c) provides: "The General Assembly shall not have the power to authorize any contract or agreement which may have the effect of or which is intended to have the effect of defeating or lessening competition, or encouraging a monopoly, which are hereby declared to be unlawful and void."

[4] Unlike appellant suggests, *Barrett-Walls* did not construe a post-termination noncompetition clause. Although the distributorship agreement at issue had been terminated by two parties, the Court found that, based on the facts, noncompetition contractual obligations were still owed to a third party. That is, the Court effectively held that the distributorship agreement's term continued with the third party, at least with respect to the in-term noncompetition provision.

also *Coffee System of Atlanta v. Fox*, 226 Ga. 593 (176 SE2d 71) (1970) (strict scrutiny reasonableness standard applied to employment contract containing in-term and post-term covenants); *Owens v. RMA Sales*, 183 Ga. App. 340 (358 SE2d 897) (1987) (applying strict scrutiny to in-term restrictive covenant in a distributorship agreement). All such restraints on trade in a franchise agreement, regardless as to when they are in effect, must be reasonable as to time, scope and territorial limitation. Id. See also *Cheese Shop Intl. v. Wirth*, 304 FSupp. 861, 864 (N.D. Ga. 1969) (assessing in-term noncompetition provision, the court stated, "It appears to the court that under Georgia law any covenant not to compete is invalid if not limited to time and space."). Accordingly, there is no distinction to be made as to the level of scrutiny applied to a noncompetition clause in a franchise or distributorship agreement based on its status as being active during the term of the agreement, and this Court declines to adopt a lesser standard of scrutiny.

4. The other question presented in this case is whether the blue-pencil doctrine of severability may be applied to an in-term restraint in a franchise agreement. Our response is in the negative. Since in-term restraints contained in franchise agreements are subject to strict scrutiny, they cannot be blue-penciled if found to be unreasonable as to time, territory or scope. See *Gandolfo's Deli Boys, LLC v. Holman*, 490 FSupp.2d 1353, 1357-1358 (N.D. Ga. 2007) (applying Georgia law). Here, the restraint is unreasonable because it lacks any territorial limitation, and a court cannot insert a territorial limitation to render it enforceable. *New Atlanta Ear, Nose & Throat Assoc., P.C. v. Pratt*, 253 Ga. App. 681 (2) (560 SE2d 268) (2002) ("[t]he 'blue pencil' marks, but it does not write"). See also *Barrett-Walls, Inc. v. T.V. Venture, Inc.*, supra, 242 Ga. at 819 (striking in-term restraint because it was overly broad as to its territorial limit). Accordingly, the Court of Appeals did not err when it affirmed the trial court's finding that the in-term restraint was unenforceable.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 29, 2009.

*Jones Day, David M. Monde, Lucas W. Andrews*, for appellant.
*Cochran & Edwards, Scott A. Cochran, R. Randy Edwards, Kilpatrick Stockton, Thomas C. Harney*, for appellees.
*Paul, Hastings, Janofsky & Walker, William K. Whitner, Noelle*

*Lagueux-Alvarez, John G. Parker*, amici curiae.