A11A1237. PARAGON TECHNOLOGIES, INC. v. INFOSMART TECHNOLOGIES, INC.

(718 SE2d 357)

SMITH, Presiding Judge.

Paragon Technologies, Inc. ("Paragon") appeals from the trial court's order granting summary judgment to InfoSmart Technologies, Inc. ("InfoSmart") in this case involving a restrictive covenant. Paragon asserts that the trial court erred by finding the restrictive covenant unenforceable as a matter of law. We disagree and affirm.

Summary judgment is proper when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. [Cit.]" *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the record shows that InfoSmart and Paragon entered into an independent contractor agreement pursuant to which InfoSmart agreed to provide employees for staffing in the informa-

tion technology industry to the Georgia Technology Authority ("GTA"), a client of Paragon. The contract included the following restrictive covenant:

> Contractor [InfoSmart] acknowledges that Company [Paragon] has a business relationship with Client it wishes to protect. Therefore, Contractor and its employees and agents agree that it will not interfere with Company's ongoing business relationship with its Client and will not accept directly or indirectly an offer to provide further services to that Client, either individually or through another company during the project described on attachment and for a period of twelve (12) months following completion of the project or other termination of the project, regardless of the reason.

The contract did not contain any covenant restricting Paragon's business activities. It also provided that Paragon would own all intellectual property "required to be delivered and/or purchased and/or created under this Agreement" and included an indemnity and hold harmless agreement in Paragon's favor. The four-page preprinted contract listed Paragon's name, address, telephone numbers, and web address on each page. Above the signature line for the parties, "Paragon Technologies, Inc." was preprinted, while "Contractor" was preprinted above the signature line where "InfoSmart Technologies, Inc." was handwritten in the blank space.

The contract was signed in March 2007, and InfoSmart accepted a project with GTA on January 30, 2008. The record shows that InfoSmart provided service under the contract through April 5, 2010, when it began providing services directly to the client. According to the undisputed affidavit of InfoSmart's CEO, GTA terminated its contract with Paragon and "then approached InfoSmart directly and asked InfoSmart to provide the same staffing services . . . that it had previously done under the Contract with [Paragon], to which InfoSmart agreed."

On May 21, 2010, InfoSmart sued Paragon for breach of contract based upon unpaid invoices totaling $68,820, dating from September 2009 through April 4, 2010. Paragon answered and filed a counterclaim for interference with business relationship, breach of contract, and attorney fees under OCGA § 13-6-11. Both parties moved for summary judgment in their favor with regard to Paragon's counterclaim, and InfoSmart also moved for summary judgment in its favor on its unpaid invoices. The trial court granted summary judgment in favor of InfoSmart on Paragon's counterclaims based upon its conclusion "that the restrictive covenant in the contract between the parties is unenforceable as a matter of law." It denied InfoSmart's

summary judgment motion with regard to the unpaid invoices.

On appeal, Paragon "concedes that if the restrictive covenant at issue in this case were to be scrutinized under strict scrutiny, it would in fact be unenforceable as a matter of law." It asserts that the covenant at issue should not be subjected to strict scrutiny because it was entered into by two independent corporations with equal bargaining power — not an employer and an individual employee.

> Traditionally Georgia courts divide restrictive covenants into covenants ancillary to an employment contract, which receive strict scrutiny and are not blue-penciled, and covenants ancillary to a sale of business, which receive much less scrutiny and may be blue-penciled. There is also a middle level of scrutiny applicable to covenants found in professional partnership agreements.

(Citations, punctuation and footnotes omitted.) *Swartz Investments v. Vion Pharmaceuticals*, 252 Ga. App. 365, 368 (2) (556 SE2d 460) (2001). The Georgia Supreme Court has held that restrictive covenants in "contracts for services by independent contractors" should be treated like "employee covenants ancillary to employment contracts. [Cits.]" *Jenkins v. Jenkins Irrigation*, 244 Ga. 95, 97-98 (2) (259 SE2d 47) (1979). Because the restrictive covenant at issue in this case was included in an independent contractor agreement, it is subject to strict scrutiny.[1] Id. It must therefore "be reasonable as to time, scope and territorial limitation. [Cits.]" *Atlanta Bread Co. Intl. v. Lupton-Smith*, 285 Ga. 587, 591 (3) (679 SE2d 722) (2009).

The covenant here precluded InfoSmart from accepting unsolicited work from Paragon's former client. It is therefore unreasonable and cannot be enforced. *Waldeck v. Curtis 1000*, 261 Ga. App. 590, 592-593 (583 SE2d 266) (2003). "While a prohibition involving some *affirmative* act . . . such as solicitation, diversion, or contact of clients, may be reasonable, a covenant prohibiting . . . merely accepting business, without any solicitation, is not reasonable." (Citations and footnotes omitted.) Id. at 592.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

---

[1] A lack of evidence showing any consideration for the restrictive covenant, as well as the one-sided nature of the contract, also support the application of a strict scrutiny standard in this case. See *Advance Technology Consultants v. RoadTrac, LLC*, 250 Ga. App. 317, 319-320 (1) (551 SE2d 735) (2001) (one-sided nature of contract demonstrated unequal bargaining power); *Herndon v. Waller*, 241 Ga. App. 494, 495 (525 SE2d 159) (1999) (citing no evidence of consideration for covenant as distinction justifying application of strict scrutiny). Additionally, strict scrutiny is not precluded by the fact that the contract was entered into by two corporations. *Swartz*, supra, 252 Ga. App. at 369-370 (2).

DECIDED NOVEMBER 9, 2011.

*Ehrenclou & Grover, Kavan S. Grover, Webb, Tanner, Powell, Mertz & Wilson, Anthony O. L. Powell,* for appellant.

*Briskin, Cross & Sanford, David M. Messer,* for appellee.