23934. JONES v. CONGDON et al., Executors.

Argued February 14, 1967—Decided April 6, 1967—
Rehearing denied April 20, 1967.

Thurmond, Hester, Jolles & McElmurray, Glenn B. Hester, Thomas R. Burnside, Jr., Sanders, Hester & Holley, Carl E. Sanders, for appellant.
Congdon & Williams, W. Barry Williams, William P. Congdon, for appellees.

Mobley, Justice. The appeal in this case is from an order of the Superior Court of Richmond County sustaining appellee's motion to dismiss a caveat to a will filed by appellant, Johnny J. Jones, Jr. Appellant's father, Johnny J. Jones, died testate in 1963. His will was probated in common form, and thereafter, upon petition filed by appellant, the executors offered it for probate in solemn form to allow appellant to attack its validity by caveat.

While the proceeding to probate the will in solemn form was pending in the court of ordinary, appellant filed his petition in the Superior Court of Richmond County against the executors of the will of the deceased, C. & S. National Bank, and William P. Congdon, and Robbie R. Jones, widow of the deceased, and Eula Mae Bates, tenant in possession, seeking to cancel a lease

made by deceased to his widow before he died under which he leased to her the property known as the Hampton Hotel in Augusta, Georgia, and seeking to dispossess Eula Mae Bates. Under Item 7 of the will, appellant was given an interest in the hotel described as follows: "that my said son have the operation and control of Hampton Hotel property for a period of twenty years at a monthly rental of eight hundred dollars ($800), less any Federal tax that he may have to pay at which time I consider my said son will have paid to 'Johnny J. Jones Foundation' the full value of property . . . known as Hampton Hotel Building . . . and at that time my said son shall have title to said property in fee simple."

On the second day of a hearing in the proceeding to cancel the lease, appellant, acting by and through his attorneys, requested from the executors a deed of assent to the Hampton Hotel property as bequeathed to him by the will. Said deed, which had been offered but refused the day before, was delivered at that time to appellant. Thereafter, appellant amended his petition to cancel the lease by striking the executors as parties defendant in the case, noting that the executors had consented to the devise in Item 7 of the will of the hotel by their delivery to him of the deed of assent.

The executors, appellees, filed their motion to dismiss the caveat on the ground that appellant, caveator, was precluded as a matter of law from contesting the validity of the will by his acceptance of the deed of assent (i.e. his acceptance of the devise of the hotel property under Item 7 of the will).

The trial judge sustained the motion to dismiss the caveat, and the appeal is from this order, which is also the sole enumerated error.

■ Appellant's first contention, that it was necessary for appellees to submit evidence in support of their motion to dismiss appellant's caveat to the will is without merit, as the record discloses that the parties, at the hearing, agreed with the court that the question presented was one of law and not of fact and the case was tried upon that basis.

■ The vital and controlling issue is whether the acceptance by Johnny J. Jones, Jr. of a deed of assent from the executors

to the property devised to him in his father's will estopped him from attacking the validity of the will. The trial court in sustaining the motion of the executors of the will to dismiss Jones's caveat to the will held that it did.

Appellant's contentions as to this question are: First, that where he had filed a caveat to the probate of his father's will in solemn form and while actively pursuing same, his act of filing an action to set aside a lease of the property devised to him in the will made by his father to his wife would not estop him from proceeding with his caveat to the will. The appellees agree with this contention and disclaim any contrary contention on their part.

Secondly, that the delivery and acceptance of the deed of assent to him of a specific devise under the will would not estop him from pursuing his caveat, as he was not placed in possession and that he was not given "operation and control" of the property as the language of the will provided. The deed of assent to the devise conveyed to him the right to the property, subject to the lease to the wife, provided he paid $800 per month for 20 years at which time fee simple title would vest in him. In case he was successful in his attempt to have the lease declared void, he would at that time be entitled to possession, control and operation of the hotel property. By accepting the deed of assent he accepted the hotel property subject to the lease, with the condition that he pay $800 rent for 20 years at which time fee simple title would vest in him. The tenant would be required to attorn to him, and, in fact, she tendered him the monthly rental of $500 per month due under her lease. This contention is without merit.

Thirdly, that accepting the deed of assent to the property does not estop him to caveat the will, because he was entitled to the Hampton Hotel property either by intestacy, if his caveat were successful and an intestacy declared, or under Item 7 of the will, if the will is allowed to stand. He relies upon *Gaither v. Gaither*, 23 Ga. 521 for support of this contention. There, the testator's will gave his widow a life estate in his entire property and named her as executrix. After qualifying as executrix, she obtained a rule nisi against the other legatees to show

cause why the will should not be set aside for lack of testamentary capacity and undue influence. The legatees moved to dismiss her petition on the ground that she was estopped to deny the validity of the will because she qualified as executrix, proceeded to execute the will, and had admitted it to be the will of the testator by offering it for probate in common form. This court held that, although admitting the will, she was not estopped to deny it, saying that ". . . if the will stands, it gives to Mrs. Gaither, an estate for her life, in the whole property, and therefore, gives to her the right to the possession of the whole, and it does not appear that there remain any debts; if the will fails, the law gives to her [as the sole heir] the entire interest in the whole property, and therefore gives to her, the right to the possession of the whole. Either way, then, she is the person entitled to possession. Why, then, should she be compelled to surrender the possession?" *Gaither v. Gaither*, supra, at p. 529.

The court further pointed out that the rule of estoppel is for the benefit of the executrix and is "a rule designed to afford a guaranty to the executor, of the sincerity of the legatee, or heir, who moves." We do not believe the *Gaither* case is controlling here. First, Jones is not the executor of the will, and therefore is not the beneficiary of the rule of estoppel as was Mrs. Gaither. Secondly, as executrix, Mrs. Gaither was entitled to possession of all the property, and in case the will was held to be void, she would, as the sole heir, own the entire estate and be entitled to possession of the whole estate. Therefore it was useless for her to surrender possession in order to caveat the will.

We do not agree that Jones is in a similar situation. Under the will he receives only the Hotel Hampton property and that subject to a lease, the validity of which he is contesting. In case of intestacy he would inherit as an heir at law, which he contends would be as much or more than he receives under the will. His father's widow is also an heir, who would be entitled to dower, year's support, and to share in the estate equally with Jones. Jones contends that she signed a marital agreement to accept $10,000 from her husband's estate in lieu of all other benefits due her as an heir. However, that agreement has not been established, nor has its validity been determined, and the

record does not establish a disclaimer by her of all interest other than the $10,000. Furthermore, while the testator in the will referred to the fact that he and his wife at the time of marriage had entered into a marriage agreement under which she agreed to accept $10,000 in satisfaction of all her claims against him or his estate by reason of their marital status, he stated that he wished to do more for her and devised to her a motel with all furnishings therein.

We cannot conclude from this record that Jones's position will be the same under the will as it would be in case of intestacy, or that he will receive as much if the will stands as he will if it fails, or that in any event he will be entitled to possession of the entire estate as was the executrix in the *Gaither* case.

The *Gaither* decision was cited in *Abercrombie v. Hair*, 185 Ga. 728, 731 (196 SE 447) as authority for the proposition that acquiescence of next of kin in the probate of a will in common form or their call for proof in solemn form will not preclude them from caveating the will when offered in solemn form. This alone would not work an estoppel, but accepting and retaining a deed of assent to a devise of property under the will with knowledge of all the facts, as in this case, does estop. See *Johnson v. Ellis*, 172 Ga. 435 (6) (158 SE 39); *Hardeman v. Ellis*, 162 Ga. 664 (135 SE 195). In *Printup v. Smith*, 212 Ga. 501, 502 (93 SE2d 679) where *Gaither* was cited in support of the contention that an executrix is not estopped to move to set aside the will because she petitioned the court to probate the will in common form, the court pointed out that in *Gaither* the executrix did not, at the time of probate, know the facts upon which she later sought to have the will set aside. In the instant case, Jones knew the facts when he accepted the deed of assent, which he did in an effort to protect his devise of the hotel by setting aside the lease which he contended was fraudulently procured from his father by his wife. In *Hardeman v. Ellis*, supra, the court held that the executor, by having qualified as executor and having administered the estate, was estopped to take an inconsistent position as executor of requiring specific performance of contracts between him and the testator. In commenting on the *Gaither* decision, the court stated that Mrs. Gaither would have

been estopped from attacking the will had she known at the time of the probate of the will in common form that the will of her husband had been obtained by duress. As previously stated, appellant accepted the devise with full knowledge of all the facts and did so deliberately to protect his devise by qualifying him as a proper party to bring the action to set aside the lease. This contention is without merit.

■ Appellant contends further that the deed of assent to the devise of the hotel property was just a worthless piece of paper as he received nothing under it. As pointed out above, he received an estate in the property which would ripen into fee simple title after 20 years and payment of monthly rental fixed in his will. It is also significant that during the trial of his action brought against his step-mother to declare the lease from his father to her void, in which the operator of the property under the lease and the executors of his father's will were parties defendant, Jones accepted the deed of assent and struck the executors of the will as parties. He did this knowingly and with advice of counsel. The cause of action to cancel the lease was in the executors (see *Code Ann.* § 113-901 (Ga. L. 1943, pp. 236, 237); also Redfearn, Wills and Administration In Georgia (3d Ed.) Vol. 2, pp. 12, 13, § 277), but when title was conveyed by them to him, the cause of action then was in him. This was a benefit he received under the deed. His acceptance of the deed was an overt act acknowledging the validity of the will and an acceptance of the devise under the will. Accepting the devise under these circumstances was a clear election on his part to take under the will and he "cannot call in question the validity of the will or its probate." *Medlock v. Merritt,* 102 Ga. 212 (4) (29 SE 185); see also *Stroup v. Imes,* 185 Ga. 422, 424 (195 SE 411).

*Judgment affirmed. All the Justices concur.*