A95A1294. ESLINGER v. KEITH.
(463 SE2d 501)

BIRDSONG, Presiding Judge.

Appellee Maurine Neal, through her attorney in fact Amos Keith, filed a dispossessory proceeding against Donald Eslinger as a tenant holding over. Maurine Neal is the owner of a 300-acre tract of land, a large part of which is used for farming. She entered into a series of crop leases with Eslinger whereby he could live and work on the farm and would receive a portion of the proceeds from the crops he harvested. The last ten-year lease entered in January 1984 provided that "all other lease agreements prior to this current date will be cancelled by the signing of this [lease]." When the last lease expired in January 1994, Neal notified Eslinger to vacate the premises. Eslinger refused. He claimed that before he entered this last lease, Neal had orally granted him a life estate in 200 acres of the property, on which he was to live and farm. Neal denied that she had granted any such life estate. The trial court granted summary judgment to Neal and this appeal followed. *Held*:

" 'A grant of summary judgment must be affirmed . . . if it is right for any reason.' " *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746). Eslinger contends the 1984 lease cancelled only prior *leases*, whereas his life estate is not a "lease." Although the lease does purport to supersede only prior "leases," the trial court correctly granted summary judgment to Neal because the two concepts of Eslinger's claimed interests are antagonistic and in-

consistent. See *Grist v. Foster*, 246 Ga. 565 (272 SE2d 297). As a matter of fact, if Eslinger had a life estate in 200 of the 300 acres there would have been no point or necessity for him to enter a lease of the entire 300 acres.

Moreover, OCGA § 44-7-9 states: "The tenant may not dispute his landlord's title . . . while he is performing any active or passive act or taking any position whereby he expressly or impliedly recognizes his landlord's title, or while he is taking any position that is inconsistent with the position that the landlord's title is defective." Eslinger recognized and assented to Neal's full title interest in the entire 300 acres by signing a crop lease of the entire 300 acres for an additional ten years after he allegedly received a life estate interest in 200 of those acres. As holder of a life estate, Eslinger would be entitled to the profits from crops or emblements sowed by him during his life (OCGA § 44-6-85; *Cheshire v. Keaton*, 184 Ga. 29 (190 SE 579)), so if he had in fact received a life estate in 200 acres of the property as he claimed, there would have been no reason to enter into a lease with Neal for the entire 300 acres. By executing the lease Eslinger expressly recognized Neal's full title interest in the property as a matter of law pursuant to OCGA § 44-7-9 and now is estopped from taking the inconsistent position of claiming a life estate in 200 acres of the property.

The grant of judgment to Neal was correct.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED AUGUST 30, 1995 —
RECONSIDERATION DENIED OCTOBER 17, 1995 — 

*Clifford S. Lancey*, for appellant.
*William W. Keith III, Karen E. Luffman*, for appellee.