## A97A1049. GLEATON et al. v. APAC-GEORGIA, INC.
(491 SE2d 138)

RUFFIN, Judge.

In this personal injury and loss of consortium action arising from an accident at a highway construction site in Macon, plaintiff Joe William Gleaton and his wife appeal the grant of summary judgment to defendant APAC-Georgia, Inc. ("APAC"). For reasons which follow, we affirm the trial court's judgment.

As we must do when assessing the propriety of a grant of summary judgment, we review the facts of this case de novo and construe the evidence, and all inferences, strongly in favor of the Gleatons. See *Gentile v. Bower*, 222 Ga. App. 736, 737 (477 SE2d 130) (1996). The record shows that, pursuant to a contract with the Georgia Department of Transportation ("DOT"), APAC was improving a ten-mile stretch of Interstate 75 through Macon by adding an inside lane and concrete median barrier. To prevent the traffic on Interstate 75 from using the unfinished inside lane, APAC used DOT-specified plastic barrels with weighted bottoms to mark the proper lanes of travel. Gleaton, a Bibb County Sheriff's Deputy, was driving his marked patrol car through this area of Interstate 75 when he noticed cars ahead of him slowing down to swerve around a barrel which, apparently, had separated from its weighted base and was lying in the lane of traffic. Gleaton was on his lunch break and on his way to have a light fixed on his patrol car. This area was within his jurisdiction, however, and he decided to pull off into the unfinished lane and move the barrel, which was a substantial traffic hazard. As Gleaton pulled to a stop in the unfinished lane, a tractor-trailer in the same line of traffic braked, came into the unfinished lane, and struck Gleaton's patrol car, injuring him. According to the truck driver, Daren Lowe, the accident was caused by the sudden braking action of a brown car between his truck and Gleaton's patrol car.

Gleaton sued Lowe and APAC for personal injuries, and his wife brought a derivative action for loss of consortium. Among their other allegations, the Gleatons claimed APAC was negligent in placing and securing the barrels and had negligently failed to discover and remove the fallen barrel from the roadway.

The standards for a grant of summary judgment are found in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). A defendant may obtain summary judgment by showing that the "documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. [Cit.] A defendant who will not

bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. [Cit.]" Id. at 491.

1. Reviewed under the *Lau's Corp.* standard, the trial court's grant of summary judgment was proper as to any claims that APAC negligently erected, placed, or secured the marking barrels or other construction warning devices. APAC personnel testified these devices were placed in accordance with DOT specifications. A highway contractor who follows precautions specified by the DOT is not responsible if those precautions prove to be inadequate. *Fine v. APAC-Ga.*, 192 Ga. App. 895, 897 (2) (386 SE2d 692) (1989); *C. W. Matthews Contracting Co. v. Marasco*, 184 Ga. App. 150, 151 (361 SE2d 34) (1987) (physical precedent only). Once APAC produced evidence that it situated barrels and other traffic control devices as specified by the DOT, the burden shifted to the Gleatons to point out facts in the record showing an issue for trial on this claim. See *Lau's Corp.*, supra.

The Gleatons note that APAC concrete foreman Tony Fooshee testified DOT rules required the barrels to be 100 feet apart, but project supervisor Frank Cannington testified the barrels were supposed to be placed 200 feet apart. Cannington's deposition does reveal that he had retired from APAC by the time he testified, could not remember the exact specifications during his testimony, and discussed the procedure for placing barrels while cautioning, "don't quote me on that." After reviewing his deposition, Cannington filed an errata sheet and attempted to correct his testimony to "100 feet," stating that he had not accurately remembered the specifications. But see *Ga. Osteopathic Hosp. v. O'Neal*, 198 Ga. App. 770, 776 (7) (403 SE2d 235) (1991) (errata sheet may not be used to "erase" substantive testimony given at deposition). But even assuming this contradictory evidence creates an issue of fact as to whether the barrels were improperly spaced at 200 feet rather than 100 feet, this evidence creates no issue of *material* fact. The Gleatons have not alleged that a departure from DOT barrel-spacing requirements contributed to the accident at issue. They allege in their complaint, and their evidence shows, that this accident may have been caused by a barrel which was *lying* in the road, and not by any inadequacies in the number of barrels lining the roads. Cannington's testimony, while creating a conflict in the evidence as to how far apart the barrels should be placed, does not indicate that the barrels may have been placed *too*

*close* to the traffic lanes. With no evidence that this alleged defect caused the accident, we find the trial court properly granted summary judgment on these issues. See *Whitt v. Walker County*, 176 Ga. App. 643, 645-646 (337 SE2d 425) (1985); see also *Eslinger v. Keith*, 218 Ga. App. 742 (463 SE2d 501) (1995) (grant of summary judgment must be affirmed if it is right for any reason).

2. A more difficult issue is the Gleatons' contention that APAC negligently failed to discover and remove the fallen barrel. As they note, "[a] contractor constructing a road or bridge owes a duty to the public to exercise ordinary care to protect it from injuries arising by reason of such construction. [Cits.]" *State Constr. Co. v. Johnson*, 82 Ga. App. 698, 701 (62 SE2d 413) (1950). Here, the allegations of negligence involve the failure to *inspect* and *discover* the fallen barrel. Although this is not a traditional premises liability case, we may use principles from such cases to determine whether APAC took appropriate steps to inspect its worksite and determine whether defects in its worksite presented a hazard to passing traffic.

In *Fine*, supra at 897, we found the defendants entitled to summary judgment where no evidence showed they could have anticipated or prevented the hazardous condition through the exercise of due care. Here, the evidence establishes that no APAC employee actually knew that this barrel had fallen in the roadway, so we determine whether a jury could find APAC had constructive knowledge of the barrel such that the contractor could have removed it. We have discussed constructive knowledge in premises liability cases, which are somewhat analogous to the situation at hand. "Constructive knowledge can be established in one of two ways. First, it can be inferred by showing that an employee of the defendant was in the immediate area of the hazardous condition and could have easily seen [it]. . . . Second, constructive knowledge can also be established by showing that the owner failed to exercise reasonable care in inspecting the premises, although recovery under this approach requires proof of the length of time the dangerous condition was allowed to exist." (Citations and punctuation omitted.) *Sheriff v. Hosp. Auth. of Houston County*, 221 Ga. App. 14, 15 (471 SE2d 3) (1996).

Although the affidavit and deposition testimony show no APAC employees were in the area at the time this accident occurred, the Gleatons argue a jury question exists as to whether reasonable inspection procedures would have led to the timely discovery and removal of this fallen barrel. Under the circumstances of this case, we disagree.

The evidence shows that to monitor its barrels and other warning and traffic control devices on this project, APAC employees had to cover both the northbound and southbound lanes of a ten-mile-long

project. APAC employed a "traffic control supervisor" for this purpose, but other employees were instructed to realign any barrels that they saw out of place. Project supervisor Cannington's testimony is somewhat contradictory, but even construing that testimony in favor of the Gleatons, the evidence shows he inspected the area in question one hour and ten minutes before the accident and saw no barrels out of place. Fooshee, the concrete foreman, testified that as he drove through the area on his way to lunch approximately 25 minutes before the incident, he recalls looking down the line of barrels. Although Fooshee was not actually performing an "inspection," he saw none of the barrels out of line, and he testified that he would have noticed any misaligned barrels.

This evidence shows the barrel was not in the roadway 25 minutes before or 70 minutes before Deputy Gleaton's incident. The Gleatons have produced no rebuttal evidence showing how long the barrel lay in the lane of traffic. APAC was not required to constantly patrol every part of the construction project, but was required only to make reasonable, routine inspections to discover hazards. See *Johnson v. Autozone*, 219 Ga. App. 390, 392 (465 SE2d 463) (1995); *Marasco*, supra at 151 (placement of signs during highway construction is not "inherently dangerous" work).

In cases involving grocery stores, parking lots, and restaurants, we have found that 15 or 20 minutes was a legally insufficient amount of time for a proprietor to discover a foreign substance on the floor. See, e.g., *Jenkins v. Bi-Lo*, 223 Ga. App. 735, 736-737 (479 SE2d 14) (1996) (floor inspected ten minutes before plaintiff fell on string bean); *Autozone*, supra at 393-394 (oil in which plaintiff slipped was in parking lot for no more than fifteen to twenty minutes); *Daniel v. John Q. Carter Enterprises*, 218 Ga. App. 223, 226 (460 SE2d 838) (1995) (restaurant manager had inspected floor ten to twenty-five minutes before plaintiff fell on foreign substance). In this case, the defendants were not inspecting a small area such as a restaurant or parking lot, but were looking for problems along a ten-mile stretch of crowded interstate highway. Under the circumstances, therefore, we find APAC's inspection procedures reasonable as a matter of law. The Gleatons have not produced any issue for trial by showing that the barrel lay in the roadway a sufficient amount of time such that a reasonable inspection would have discovered the problem. See *Autozone*, supra at 393-394; see also *Ginn v. Grothere*, 220 Ga. App. 661, 663-664 (469 SE2d 876) (1996). Because the Gleatons cannot provide the proof necessary to sustain an essential element of their case, the trial court did not err in granting summary judgment to APAC on this claim.

3. In light of our determination, we need not address APAC's claim, not raised below, that the Gleatons' suit is barred by the "fire-

man's rule." But see *Martin v. Gaither*, 219 Ga. App. 646 (466 SE2d 621) (1995) (applying "fireman's rule" to police officers).
*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 8, 1997 — 

*Reynolds & McArthur, W. Carl Reynolds, Bradley J. Survant*, for appellants.
*Scoggins, Ivy & Goodman, Luke A. Kill*, for appellee.