## A03A2061. HARRIS v. GILMORE.
### (595 SE2d 651)

Ruffin, Presiding Judge.

John L. Gilmore, Jr., an attorney and resident of Brunswick, sued certain Brunswick city officials (collectively, the defendants), including city manager Roosevelt Harris, Jr. Gilmore alleged that the defendants illegally spent city funds for charitable purposes and converted city funds to their own personal use. Harris moved for summary judgment.

The trial court permanently enjoined the defendants from making any further donations for charitable purposes. The court also granted in part and denied in part Harris' motion for summary judgment, holding that Gilmore did not have standing to recover, for the benefit of the city treasury, funds which went to third parties, but that he did have standing to recover funds that were allegedly converted by the defendants for their own use.

We granted Harris' application for interlocutory review, noting that

> whether this case lies within the jurisdiction of this court or the Supreme Court [of Georgia] depends on whether the underlying issue sought to be appealed concerns the legality or propriety of injunctive relief, or whether the grant or denial of such relief was merely ancillary to underlying issues of law or would have been routine once the underlying issues of law were resolved.[1]

Although a cursory review of the record indicated that this court had jurisdiction, we ordered the parties to address the jurisdictional issue in their briefs.

On appeal, Harris discusses the jurisdictional issue but does not draw a conclusion as to which is the appropriate court. He also raises two enumerations of error. First, he argues that denial of summary judgment was improper with respect to conversion because Gilmore offered no evidence in support of this claim. Second, he argues that issuance of the injunction was improper and unnecessary given that Gilmore did not request injunctive relief and that the defendants had already voluntarily discontinued the alleged illegal expenditures.

Gilmore, in response, devotes his entire brief to the jurisdictional issue, and he concludes that this appeal should be transferred to the Supreme Court. He does not respond to Harris' enumerations of error. For reasons that follow, we find that this Court has jurisdiction over this case. Also, we reverse the denial of summary judgment as to

---

[1] *Beauchamp v. Knight*, 261 Ga. 608, 609 (409 SE2d 208) (1991).

funds allegedly converted to the defendants' personal use, but affirm the trial court's grant of a permanent injunction.

1. At the outset, we must address the jurisdictional issue. Gilmore raises two arguments in support of his position that this case should be transferred to the Supreme Court. First, he asserts that the "constitutionality of the doctrine of sovereign immunity" is within the exclusive jurisdiction of the Supreme Court. We find no merit in this argument, as there is no sovereign immunity issue presented in this appeal.[2]

Second, Gilmore argues that the issuance of a permanent injunction places jurisdiction in the Supreme Court. We disagree. As noted earlier, this Court has jurisdiction over a case in which the grant or denial of equitable relief is merely ancillary to underlying issues of law, or would have been a matter of routine once the underlying issues of law were resolved.[3] Here, Gilmore's underlying cause of action involved the defendants' alleged misspending and conversion of city funds. In fact, Gilmore did not even seek the injunction ordered by the trial court. Under these circumstances, we find that the injunctive relief granted by the trial court was merely ancillary to the legal issues and that jurisdiction is appropriate in this Court.[4]

2. In reviewing the grant or denial of summary judgment, we conduct a de novo review of the evidence.[5]

> A defendant may obtain summary judgment by showing that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards.[6]

Gilmore alleges in his complaint that the defendants "unlawfully seized, detained and converted [city funds] to their own use or condoned" such conversion. Conversion is

> an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his right; or an

---

[2] Harris does not mention the doctrine in his brief to this Court, and Gilmore fails to address how the doctrine could possibly preclude our consideration of Harris' appeal.

[3] See *Saxton v. Coastal Dialysis &c. Clinic*, 267 Ga. 177, 179 (476 SE2d 587) (1996).

[4] See id.

[5] See *Gleaton v. APAC-Ga., Inc.*, 228 Ga. App. 52 (491 SE2d 138) (1997).

[6] (Citation and punctuation omitted.) Id.

unauthorized appropriation. . . . Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion.[7]

Gilmore points to no evidence in the record to support a claim of conversion.[8] And we have found none. Gilmore cannot simply rest on bald allegations to defeat summary judgment.[9] Accordingly, we reverse the trial court's denial of summary judgment as to this claim.

3. As to the trial court's grant of a permanent injunction, "the standard of review [on appeal] is whether or not the trial court manifestly abused its discretion. A trial judge manifestly abuses his discretion when he grants an injunction adverse to a party without any evidence to support such judgment and contrary to the law and equity."[10] We do not find such abuse here.

Art. III, Sec. VI, Par. VI (a) of the Georgia Constitution, which prohibits the granting of any donation or gratuity by the General Assembly, applies to cities.[11] In his affidavit in support of summary judgment, Harris admits that "in some instances" the donations of Brunswick city funds by the city commissioners to third parties were "purely charitable." He also states that he planned to propose a resolution to the city commissioners that the city discontinue the practice of charitable donations, but that regardless he had already discontinued such practice.

Because Harris "willingly volunteered" to discontinue the practice, and injunctive relief was not specifically requested by Gilmore,[12] Harris argues that the trial court's issuance of a permanent injunction was "unnecessary." However, he does not argue, nor do we find, that the court's prohibition against an improper practice, based on Harris' admission regarding the same, was "contrary to the law" or that it constituted a manifest abuse of discretion by the trial court.[13] Accordingly, the trial court did not err in granting the injunction.

*Judgment affirmed in part and reversed in part. Smith, C. J., and Miller, J., concur.*

---

[7] *Decatur Auto Center v. Wachovia Bank*, 276 Ga. 817, 819 (583 SE2d 6) (2003).

[8] There is also no indication that he had any such evidence when he filed his brief in opposition to Harris' motion for summary judgment.

[9] Id.

[10] (Punctuation and footnotes omitted.) *Attaway v. Republic Svcs. of Ga.*, 253 Ga. App. 322 (558 SE2d 846) (2002).

[11] See *Swanberg v. City of Tybee Island*, 271 Ga. 23, 26 (518 SE2d 114) (1999).

[12] Gilmore did in fact, however, request "such other and further relief as to the court may appear just and reasonable."

[13] See *Attaway*, supra.

DECIDED FEBRUARY 25, 2004.

*Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Laura E. Roberts,* for appellant.
*John L. Gilmore, Jr.,* pro se.