A06A0138, A06A0139. BOTH v. FRANTZ et al.; and vice versa.

(629 SE2d 427)

JOHNSON, Presiding Judge.

Louise Both filed a lawsuit against her former attorney, William Frantz, and his law firm, Frantz, Sanders & Gratten, LLP, alleging claims of (1) legal malpractice, (2) breach of fiduciary duty, (3) fraud, and (4) conversion of her monies and other property. Frantz and the law firm practice primarily in the area of tax, wills, trusts, estates, and retirement planning.

The record shows that Louise Both and Karl Both were married in 1935 and moved to Switzerland, where they lived for many years. The couple owned real property and maintained bank accounts and other assets in the United States. As a result, the Boths filed United States tax returns and required various legal services in the United States. In the late 1970s, Frantz began doing tax work for the couple. Frantz and the law firm prepared reports of foreign bank accounts and even prepared a power of attorney for the Boths. It is undisputed that on December 10, 1993, Frantz wrote to Karl Both to confirm that Frantz would be making revisions to the Boths' wills, including a change to make Frantz the fiduciary under the wills.

During the mid-1990s, Karl Both began to experience a serious decline in his physical and mental condition. The couple's children, Richard Both and Martha Gray, met with Frantz to discuss the situation. During this same period, Frantz and the law firm prepared the codicil to Louise Both's will which removed Karl Both as Louise Both's executor and appointed the couple's children as co-executors. In December 1996, Gray traveled to Switzerland to move her father to an assisted living facility near her in Georgia. While in Switzerland, she used her power of attorney to add her name to a Swiss bank account and withdraw money. The balance of the Swiss account was later transferred to a different bank account held in the name of a Swiss resident, Kjell Jensen. Jensen later transferred the money to Karl Both. The entire family began arguing over money issues, with Karl Both and Gray siding against Louise Both and Richard Both. Both sides contacted Frantz regarding numerous issues. Both sides withdrew money from joint accounts, and Louise and Karl Both changed their wills. The parties dispute exactly who is responsible for the shifting of numerous funds and accounts.

In February 1997, a Swiss attorney contacted Frantz to advise him that Louise Both was filing for divorce and to call his attention to the fact that Gray had transferred several of the Boths' joint bank accounts into her name. In May 1997, Frantz or his law firm formed Both Properties, L.P., a Georgia limited partnership, and assisted in the transfer of certain real estate acquired during the Boths' marriage (that had been titled in Karl Both's name only) into the newly

formed limited partnership with Karl Both and Gray named as partners. In 1997 and 1998, a number of checks were transferred into the law firm's escrow account. Some of this money was later transferred to Karl Both's estate when Karl Both died.

The claims at issue arise from actions allegedly taken by Frantz and the law firm against Louise Both during 1997 and 1998. Frantz and the law firm filed motions for summary judgment as to all of Louise Both's claims. The trial court recognized that although "there appeared to be a shifting of funds and/or property, the question of who is responsible for shifting said funds remains in dispute." The trial court noted that the essential issue was whether there was an ongoing attorney-client relationship between Louise Both and Frantz in 1997. The trial court entered an order denying Frantz and the law firm's motions with respect to Louise Both's claims for legal malpractice, fraud, fraudulent conveyance and civil conspiracy, but granted summary judgment on Louise Both's claims for conversion and breach of fiduciary duty.

In Case No. A06A0138, Richard Both, as executor of the estate of Louise Both, appeals, alleging the trial court erred in granting summary judgment on the conversion and breach of fiduciary duty claims. In Case No. A06A0139, Frantz and the law firm appeal, alleging the trial court erred in refusing to grant summary judgment on the remainder of Louise Both's claims, erred in denying summary judgment as to all claims on the basis of res judicata/collateral estoppel, and erred when it granted Louise Both's motion to compel certain documents protected by the attorney-client privilege. In the interest of judicial economy, these cases have been consolidated on appeal.

### Case No. A06A0138

1. Louise Both contends summary judgment was improper with respect to her conversion claims. We disagree. The tort of conversion involves an unauthorized assumption and exercise of the right of ownership over property belonging to another, in hostility of her rights; an act of dominion over the personal property of another inconsistent with her rights; or an unauthorized appropriation.[1] It is immaterial that the dominion was exercised in good faith or by accident.[2]

Louise Both claims Frantz and the law firm converted the joint Louise/Karl Both Swiss bank account valuing approximately $685,000.

---

[1] *Page v. Braddy*, 255 Ga. App. 124, 126 (564 SE2d 538) (2002).
[2] Id.

In support of her argument that this account was actually "her" account, Louise Both cites a letter from her husband indicating that the money in the Swiss account was "yours in actual fact. They have been kept in joint accounts for only reasons of practicality." According to Louise Both, Frantz prepared the power of attorney that allowed Gray and Jensen to withdraw the money from the joint account, and checks were allegedly drawn on Jensen's account and deposited into Frantz's escrow account during the divorce action.

Louise Both also claims Frantz and his law firm converted the joint Louise/Karl Both NationsBank account. In support of this argument she cites Gray's deposition, where Gray admits she closed the joint NationsBank account after consulting with Frantz.[3] Louise Both also notes that Frantz was paid $150,000 from a newly formed Karl Both/Gray joint account (allegedly funded with the proceeds from the Louise/Karl Both joint account). Frantz purchased certificates of deposit in Karl Both's and Gray's joint names with this money, but Louise Both maintains that this action shows that Frantz exercised dominion over Louise Both's money.

According to Louise Both, Frantz and the law firm are also liable for civil conspiracy to commit conversion. Louise Both claims there was an agreement between Frantz and other conspirators (Karl Both, Gray, and Jensen) to convert Louise Both's assets. However, in the absence of specific evidence pointing to Frantz's or the law firm's knowing participation in fraudulent activity, there can be no basis for a finding of conspiracy or conversion of property.[4] Despite Louise Both's claims that Frantz and the law firm knew or should have known that money placed in their care was really Louise Both's, there is no evidence of such knowledge.

The record is devoid of any paper trail or testimony showing that money from either the Swiss bank account or the NationsBank account ended up with Frantz or the law firm. There is also no evidence that any money deposited in the law firm's escrow account originated from the Swiss bank account or the NationsBank account. In all instances, checks were written by Karl Both, Gray, or Jensen on their own accounts. Louise Both's conclusory allegation that this money was from the joint accounts is simply unsupported. And, there is no evidence that Frantz or the law firm knew or could have known that the money purportedly originated in a Louise Both account, was purportedly converted by other parties, or that Louise Both had a claim to the funds. Frantz testified that he did not improperly convert

---

[3] The record citations provided in support of this argument do not, in fact, support the argument.

[4] *Guthrie v. Gen. Motors Acceptance Corp.*, 172 Ga. App. 260 (322 SE2d 752) (1984).

the assets of Louise Both, and this contention has not been rebutted by specific, competent evidence. Without any evidence supporting Louise Both's assertion that Frantz or the law firm converted any of her funds, the trial court properly granted summary judgment on the conversion claims.[5]

2. Louise Both next contends the trial court erred in granting summary judgment with respect to her breach of fiduciary duty claim. We agree with this assertion.

A fiduciary relationship arises where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith.[6] Frantz and the law firm claim that Louise Both's claim for breach of fiduciary duty is a "mere duplication[ ] of the legal malpractice claim which itself is based on the establishment of a fiduciary, attorney-client relationship that is breached."[7] However, we agree with Louise Both's argument that her fiduciary duty claim is not merely duplicative of her legal malpractice claim, and she has the right to prove alternative theories since Frantz and the law firm argue that there was no attorney-client relationship during the time in question.[8]

The question of legal malpractice is still an issue in the case. Since a jury issue exists as to whether Frantz and the law firm committed legal malpractice, the trial court erred in granting Frantz and the law firm's motion for summary judgment on Louise Both's breach of fiduciary duty claim. Louise Both has the right to plead alternative theories, and the jury should be permitted to decide the breach of fiduciary duty claim should they find no attorney-client relationship existed.[9] According to Louise Both, Frantz and the law firm owed her fiduciary duties to maintain confidences and avoid conflicts of interest after the termination of an attorney-client relationship,[10] and they owed fiduciary duties arising out of their relationship as executor and fiduciary under her will and under the Both Family Trust. She should be able to present this theory to the jury in the event the jury finds no evidence of an attorney-client relationship. The trial court's order granting Frantz and the law firm's motion for summary judgment on this issue is hereby reversed.

---

[5] See *Harris v. Gilmore*, 265 Ga. App. 841, 842-843 (2) (595 SE2d 651) (2004).

[6] OCGA § 23-2-58.

[7] (Punctuation omitted.) *McMann v. Mockler*, 233 Ga. App. 279, 281-282 (3) (503 SE2d 894) (1998).

[8] See *Traub v. Washington*, 264 Ga. App. 541, 544 (2) (591 SE2d 382) (2003).

[9] Id.

[10] Georgia Bar Standard 69 of Rule 4-102 (d).

*Case No. A06A0139*

3. Frantz and the law firm contend the trial court erred when it denied their motions for summary judgment on the basis of res judicata or collateral estoppel. Specifically, Frantz and the law firm claim that all issues raised in the present lawsuit were addressed and litigated in Louise Both's divorce case, which also named Gray and Both Properties as parties, and in the caveat to Gray's petition to probate Karl Both's will, which was filed by Louise and Richard Both. Frantz and the law firm argue that Louise Both is "re-litigating against Frantz the issues that she twice lost in direct litigation against Martha, Karl and Karl's Estate." They contend that as co-conspirators, they should be considered in privity with Karl Both and Gray.

This Court does not need to address the issue of whether Frantz and the law firm should be considered privies with Karl Both and Gray because, as the trial court correctly ruled, the doctrines of res judicata and collateral estoppel do not apply here because there was no adjudication on the merits and Louise Both never had a full and fair opportunity to litigate her claims in the divorce or probate matters.

The record shows that Karl Both died during the pendency of the divorce action, and it is well settled that an unadjudicated claim for divorce, including a claim for division of property in a divorce action, abates and becomes moot with the death of one of the parties.[11] A dismissal of a case based upon a matter of abatement is not an adjudication on the merits.[12] Here, the trial court's order in the divorce action plainly states: "this Court hereby dismisses the Complaint in its entirety based upon the death of Defendant Karl Both." There was no adjudication on the merits, no issues actually litigated or necessarily decided, and Louise Both did not have a full and fair opportunity to litigate her claims in the divorce proceeding.[13]

Likewise, Louise Both's dismissal of her caveat to Gray's petition to probate Karl Both's will cannot serve as a basis for imposing the res judicata or collateral estoppel doctrines. OCGA § 9-11-41 (a) provides for the voluntary dismissal of an action without prejudice as a matter of right. Such a dismissal is not a judgment on the merits of the case by the court, but is an order in the case by virtue of the statute.[14]

---

[11] *Segars v. Brooks*, 248 Ga. 427, 427-428 (1) (284 SE2d 13) (1981).

[12] *Bd. of Regents &c. of Ga. v. Oglesby*, 264 Ga. App. 602, 605 (1) (591 SE2d 417) (2003).

[13] See *V. I. P. Homes, Inc. v. Weader*, 216 Ga. App. 412, 412-413 (1) (454 SE2d 548) (1995).

[14] *Griggs v. Columbus Bank & Trust Co.*, 188 Ga. App. 741, 743 (374 SE2d 347) (1988).

While Frantz and the law firm claim the dismissal was "with prejudice" because the order indicated that the "Caveators do hereby consent to the probate of said Last Will and Testament in solemn form," such a statement in the order does not dismiss the case "with prejudice." The Georgia Civil Practice Act makes it clear that any dismissal in which dismissal with prejudice is not specified is deemed to be a dismissal without prejudice.[15] Since Louise Both's dismissal of her will caveat does not state that it is "with prejudice," as a matter of law that dismissal was made without prejudice to her rights to assert any claims and related issues against any parties at a later time.

In addition, it should be noted that neither the divorce case nor the caveat to Gray's petition to probate Karl Both's will presented an identity of claims or issues. The present case involves the issues of an attorney-client relationship, breach of fiduciary duty by third parties, fraud by third parties, and conversion by third parties. These issues are dependent upon Frantz and the law firm's unique duties to Louise Both and are not the same as those asserted against Karl Both and Gray in the divorce and probate actions. The trial court did not err in denying Frantz and the law firm's motions for summary judgment on these grounds.

4. Frantz and the law firm contend the trial court erred when it failed to grant them summary judgment on Louise Both's claims for legal malpractice, fraudulent conveyance and civil conspiracy. We find no error.

Frantz and the law firm contend they did not owe Louise Both a legal duty because they never acted as her attorney. In support of this contention, they offer the deposition testimony of Louise Both in which Louise admitted that Frantz was never her attorney. They also present the affidavit testimony of Frantz in which he states he did not believe he had an attorney-client relationship with Louise Both.

However, despite the evidence cited by Frantz and the law firm, the record also contains evidence showing that Frantz and the law firm had an attorney-client relationship with Louise Both during the course of these events. Louise Both cites evidence showing that Frantz conceded he represented Louise Both for a number of years. In fact, in a February 1997 letter, Frantz writes, "I have represented Karl Both and his wife, Louise, for a number of years." He also sent a letter in December 1996, addressed to both Karl and Louise Both, which referred to them collectively as "client." In addition, in January 1997, Louise Both wrote a letter to Frantz seeking his assistance on

---

[15] OCGA § 9-11-41 (b) (2); *Langley v. Nat. Labor Group*, 262 Ga. App. 749, 753-754 (2) (586 SE2d 418) (2003).

her behalf "as a family friend and also as the family lawyer." Frank Beltran, Louise Both's expert witness in the case, testified that Frantz's refusal to respond to Louise Both's letter created a presumption that Louise Both's belief was correct that Frantz was her attorney and would act on her behalf. The disputed evidence regarding an attorney-client relationship clearly creates a material issue of fact for a jury to resolve.

Frantz and the law firm also claim there is no evidence to support Louise Both's claims for fraudulent conveyance and civil conspiracy because Louise Both has not shown that Frantz or the law firm knew or should have known that money placed in their care was really Louise Both's money. Once again, however, we find ample evidence in the record from which a jury could determine that Frantz and the law firm committed fraudulent acts in misappropriating Louise Both's monies and property and participated in a fraudulent conspiracy to achieve that end. Specifically, Louise Both cites evidence showing that Gray and Frantz discussed moving money from the joint Karl/Louise Both accounts into Gray's name. In addition, Frantz and the law firm prepared the powers of attorney that allowed Gray and Jensen to withdraw money from the joint Karl/Louise Both accounts.[16] Frantz and the law firm also formed Both Properties and assisted in the movement of property into that partnership owned by Karl Both and Gray. The disputed facts are sufficient to create a material issue for the jury to resolve.

In an effort to circumvent any material issues of fact regarding an attorney-client relationship, fraudulent conveyance and civil conspiracy, Frantz and the law firm argue they are entitled to summary judgment on all claims even if they did owe a legal duty to Louise Both because Louise Both cannot prove any damage. According to Frantz and the law firm, Karl Both's will provided a trust for Louise Both to cover all of her expenses, and Louise Both testified that she always had been provided with enough money to live as she liked.[17] However, the issues of proximate cause and damages in tort cases are reserved for the jury except in plain and palpable cases. Fraudulent schemes and conspiracies are seldom subject to direct proof and may be proven by slight circumstances.[18] The trial court did not err in concluding that genuine issues of material fact remain as to whether an ongoing attorney-client relationship existed between Louise Both and Frantz and the law firm, whether Frantz and the law firm are liable for

---

[16] The powers of attorney were allegedly drafted by Frantz at the direction of Karl Both.

[17] This testimony referred to a time when Karl Both was alive.

[18] *Fed. Ins. Co. v. Westside Supply Co.*, 264 Ga. App. 240, 242-243 (1) (590 SE2d 224) (2003).

fraudulent conveyance, and whether Frantz and the law firm are liable for civil conspiracy.

5. Frantz and the law firm allege that the trial court erred when it granted Louise Both's motion to compel the production of certain documents protected by the attorney-client privilege. We disagree.

According to the record, following an in camera inspection of the documents, the trial court entered discovery orders requiring Frantz and Gray to produce certain documents which they claim were privileged. According to the trial court, these documents "reflect communications between the non-parties and their attorneys which may lead to admissible evidence of Plaintiff's claim of fraudulent acts or conspiracy and that the non-parties may have been utilizing their attorneys in furtherance of that fraudulent activity or conspiracy." Frantz and the law firm claim they should not have been required to produce these documents because (1) the dual representation theory does not apply (Frantz and the law firm contend they did not represent Louise Both at the time of the communications), and (2) the crime-fraud exception does not apply (the documents required to be produced included communications after the purported fraud was committed, not communications in furtherance of the purported fraud[19]).

Louise Both argues that Frantz and the law firm raised the attorney-client privilege as a shield in an attempt to prevent Louise Both from discovering documentary evidence of Frantz's and the law firm's involvement in the misappropriation of Louise Both's assets. We find that the trial court properly required the production of these documents because there is evidence that Frantz and the law firm were perpetrating a fraud when the documents were created.

First, there is a well-recognized exception to the exclusion of evidence based on the attorney-client privilege when an attorney jointly represents two or more clients whose interests subsequently become adverse.[20] The evidence is disputed regarding whether Frantz and the law firm acted as Louise Both's attorney and whether the documents in question were created during this period of dual representation.

However, it is clear that the attorney-client privilege does not cover communications with respect to proposed or ongoing infractions of the law in the commission of a crime, or the perpetration of a fraud.[21] Communications occurring after a fraud or a crime has been

---

[19] See *Rose v. Commercial Factors of Atlanta, Inc.*, 262 Ga. App. 528, 529 (586 SE2d 41) (2003).

[20] *Peterson v. Baumwell*, 202 Ga. App. 283, 284-287 (2) (414 SE2d 278) (1991).

[21] *In re Hall County Grand Jury Proceedings*, 175 Ga. App. 349, 350 (2) (333 SE2d 389) (1985); *Atlanta Coca-Cola Bottling Co. v. Goss*, 50 Ga. App. 637 (1) (179 SE 420) (1935).

completed are privileged, but those which occur before the perpetration of a fraud or commission of a crime and which relate thereto are not protected by the privilege.[22] Frantz and the law firm argue that the trial court's order was overbroad because some documents required to be produced were prepared after the completion of the alleged fraud. However, Frantz and the law firm purportedly hid Louise Both's monies in their escrow account until March 1999 when Louise Both's attorneys demanded their release. Throughout that time, Frantz and the law firm were purportedly actively involved in the fraud alleged by Louise Both. The trial court did not err in requiring production of the documents at issue.

*Judgment affirmed in part and reversed in part in Case No. A06A0138. Judgment affirmed in Case No. A06A0139. Miller and Ellington, JJ., concur.*

DECIDED MARCH 10, 2006 —
RECONSIDERATIONS DENIED MARCH 30, 2006 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Friedman, Dever & Merlin, Hayes M. Dever, Dietrick, Evans, Scholz & Williams, Douglas M. Robinson,* for appellant.

*Hawkins & Parnell, Christine L. Mast, Kim M. Jackson,* for appellees.

---

[22] *In re Hall County Grand Jury Proceedings,* supra at 350.
[1] *In the Interest of J. R.,* 274 Ga. App. 653 (1) (618 SE2d 688) (2005).