**THIRD DIVISION
DOYLE, P. J.,
REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**September 12, 2022**

# In the Court of Appeals of Georgia

A22A0775. CHAMBERS v. EDWARDS.

REESE, Judge.

After their mother's will was probated, William R. Chambers, Jr., filed suit against his sister, Kathy Ann Edwards, in the Superior Court of Gwinnett County, alleging tortious interference with inheritance. The trial court granted Edwards's motion to dismiss, finding that Chambers was estopped from challenging their mother's will and raising issues that could have and should have been raised in probate court. Chambers appeals. For the reasons set forth infra, we affirm.

As an initial matter, we note that the trial court considered matters outside the pleadings, including orders from the probate court, in granting Edwards's motion to dismiss. Accordingly, the motion to dismiss was converted into one for summary

judgment.[1] Chambers, however, "did not object in the lower court to the conversion of the motion to dismiss into one for summary judgment, and [he] does not challenge or address the conversion on appeal. Thus, any objection to the conversion has been waived."[2]

Construing the evidence in the light most favorable to Chambers,[3] the record shows that his and Edwards's father died testate in 2011, and their father left his entire estate to their mother. Pursuant to their mother's 2011 will, which contained a no-contest clause,[4] she left her house to Edwards and equally divided the remainder of her estate between her surviving children. Edwards took care of their mother, who suffered from dementia, until the mother died in October 2019.

---

[1] See *Harris v. Deutsche Bank Nat. Trust Co.*, 338 Ga. App. 838 (792 SE2d 111) (2016); see also OCGA § 9-11-12 (b) ("If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . , and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by [OCGA §] 9-11-56.").

[2] *Action Concrete v. Portrait Homes — Little Suwanee Point*, 285 Ga. App. 650, 652 (1) (647 SE2d 353) (2007); accord *Davidson v. American Fitness Centers*, 171 Ga. App. 691, 693 (2) (320 SE2d 824) (1984).

[3] See, e. g., *Harris*, 338 Ga. App. at 838.

[4] A no-contest or in terrorem clause "acts as a disinheritance device to dissuade beneficiaries of a trust or a will from challenging the terms of the instrument." *Slosberg v. Giller*, 314 Ga. 89 (876 SE2d 228) (2022).

After their mother's death, Edwards, acting as executor of her estate, offered the mother's 2011 will for probate. With no objection filed, the Probate Court of Gwinnett County admitted the mother's will to probate in December 2019. Following distribution of the estate, Edwards filed a petition for discharge in probate court. On November 23, 2020, Chambers filed a caveat and counterclaim for damages to the petition for discharge. However, the probate court dismissed the caveat and counterclaim as untimely,[5] granted the petition for discharge, and discharged Edwards "from office and all liability."

Six months later, Chambers filed the instant action in the trial court, alleging that Edwards tortiously interfered with his inheritance by physically and verbally abusing their mother and interfering with their mother's estate plans "through fraud, duress, undue influence, control, and theft by conversion[.]" Specifically, Chambers alleged that their father had acquired several hundreds of thousands of dollars cash

---

[5] In November 2020, when Chambers was served with Edwards's petition for discharge, the general rule was that any objection had to be filed not less than ten days after service. See OCGA § 53-11-10 (a) (2020); Ga. L. 2000, p. 1589, § 3; see also OCGA § 53-7-50 (requiring heirs and beneficiaries to file any objection to discharge as provided by Chapter 11 of Title 53). Chambers was served with the petition for discharge on November 2, 2020, but he did not file his caveat and counterclaim until November 23, 21 days later, making his filing untimely. Effective January 1, 2021, OCGA § 53-11-10 (a) was amended to provide for a 30-day deadline for objections. See Ga. L. 2020, p. 377, §§ 1-69; 3-1.

during the father's lifetime and the father intended to distribute the cash to all of his heirs but, during their mother's lifetime, Edwards found the cash, took it from their mother, and used it for Edwards's own purposes. Chambers also alleged that he "expected" their mother's house to be shared jointly among the mother's surviving children, but instead it was gifted to Edwards, who sold the house and kept the proceeds.

Edwards filed a motion to dismiss on several grounds, including res judicata, and attached, inter alia, their mother's will and the probate court order discharging her from office. Chambers responded. The trial court granted Edwards's motion to dismiss, finding that Chambers was estopped from litigating issues decided in the probate action because he actually accepted an inheritance under the will. Furthermore, the trial court determined that any claim Chambers had as to his expected inheritance of their father's cash would lie against their mother, not Edwards, and any claim that Edwards failed to account for that cash could have and should have been raised in the probate court, and because Chambers had objected to Edwards's discharge on the same basis, he was estopped from re-litigating the matter. This appeal follows.[6]

---

[6] This case was docketed on December 29, 2021, and the appellant's brief was due on January 18, 2022. Although no extension of time was requested or granted,

Summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[7] We review a trial court's grant of summary judgment de novo.[8] With these guiding principles in mind, we turn now to Chambers's specific claims of error.

1. Chambers contends that the trial court erred in finding that he was precluded from attacking their mother's will on the basis of undue influence because he accepted his inheritance from the will during the administration of her estate.

"A beneficiary taking under a will shall allow all the provisions of the will to be executed as far as the beneficiary can. A beneficiary who has a claim adverse to the will shall be required to elect whether to claim under the will or against it."[9]

---

Chambers's brief was not filed until May 3, 2022, 105 days after the due date. See Court of Appeals Rule 23 (a) ("Appellant's brief shall be filed within 20 days after the appeal is docketed. Failure to file within that time, unless extended upon motion for good cause shown, may result in the dismissal of the appeal, and may subject the offending party and/or counsel to sanctions, including contempt."). In her response brief, Edwards asks that we dismiss the appeal because Chambers did not timely file his brief. However, this request is not properly before the Court. See Court of Appeals Rule 41 (b) (providing that no motions shall be filed in the body of a brief).

[7] *Essien v. CitiMortgage*, 335 Ga. App. 727 (781 SE2d 599) (2016) (citation and punctuation omitted); see OCGA § 9-11-56 (c).

[8] *Essien*, 335 Ga. App. at 728.

[9] OCGA § 53-4-69; *Jones v. Congdon*, 223 Ga. 284, 289 (2) (154 SE2d 612) (1967) (affirming trial court's dismissal of caveat when heir accepted inheritance

5

Chambers argues that at the time he accepted his inheritance under the will, he was unaware of the extent of Edwards's undue influence. But all of Chambers's allegations of tortious interference via fraud, duress, undue influence, control, and theft by conversion pre-date their mother's death. Moreover, the contents of the will, including the fact that their mother left her house to Edwards, would have been known to Chambers during probate. Accordingly, it appears that Chambers took his inheritance with "full knowledge" of the facts, and he cannot now make a claim against the will.[10]

Moreover, a judgment discharging an executor relieves her from liability "until such judgment is set aside."[11] Here, there is no indication that the probate court's order discharging Edwards as the executor of their mother's estate and releasing her from liability has been set aside.

---

"with full knowledge of all the facts and did so deliberately to protect" his interest in the property); accord *Medlock v. Merritt*, 102 Ga. 212, 213, 217 (4), (5) (29 SE 185) (1897) (holding that plaintiff, who received from the executor the money bequeathed to him under the decedent's will, was estopped from denying the validity of the will).

[10] *Jones*, 223 Ga. at 289 (2); see also OCGA § 53-4-69.

[11] *Warnock v. Warnock*, 206 Ga. 548, 550 (57 SE2d 571) (1950) (citation omitted); see OCGA § 53-7-50.

6

2. Chambers also contends that the trial court erred in ruling that any tortious interference claim regarding his expected inheritance of their father's cash would lie against their mother, not Edwards, and in finding that his claim that Edwards failed to account for the cash during the administration of their mother's estate was barred by estoppel or res judicata.

"[T]o establish a claim for tortious interference with a gift under Georgia law, a plaintiff must show that the donor took steps toward perfecting the gift; that the defendant engaged in fraudulent and malicious conduct to divert the perfection of the gift; and that the defendant diverted the gift away from the plaintiff to himself."[12]

Here, Chambers alleged that Edwards interfered with their mother's plans for inheritance by taking for herself hundreds of thousands of dollars in cash left by their father to their mother. But even assuming Chambers's allegation as to their father's intent to divide the cash among the father's heirs could state a claim for tortious interference with their mother's estate, Chambers has not shown that the trial court erred in finding this claim barred by res judicata.

---

[12] *Metro Atlanta Task Force for the Homeless v. Ichthus Community Trust*, 298 Ga. 221, 228-229 (2) (b) (780 SE2d 311) (2015); see *Morgan v. Morgan*, 256 Ga. 250, 251 (1) (347 SE2d 595) (1986) (recognizing claim for tortious interference with expected inheritance).

7

OCGA § 9-12-40, the codification of Georgia's common law rule of res judicata,[13] provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."[14]

Before res judicata applies, three prerequisites must be satisfied: "(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction."[15] The purpose of res judicata "is to prevent the re-litigation of claims which have already been adjudicated, or which could have been adjudicated[.]"[16] "Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action."[17]

---

[13] *Coen v. CDC Software Corp.*, 304 Ga. 105, 107 (2) (816 SE2d 670) (2018).

[14] OCGA § 9-12-40.

[15] *Coen*, 304 Ga. at 112 (2).

[16] *Crowe v. Elder*, 290 Ga. 686, 688 (723 SE2d 428) (2012).

[17] *Sorrells Const. Co. v. Chandler Armentrout & Roebuck, P.C.*, 214 Ga. App. 193, 194 (447 SE2d 101) (1994).

Citing *Morrison v. Morrison*,[18] Chambers argues that the causes of action raised by his caveat and counterclaim in probate court and by his claim for tortious interference with inheritance are not identical. For res judicata purposes, the "cause of action" is "the entire set of facts which give rise to an enforceable claim[,] with special attention given to the 'wrong' alleged."[19]

"The general rule is that the burden is on the complaining party to perfect the record for appeal."[20] Here, the caveat and counterclaim are not part of the record on appeal. Without the caveat and counterclaim before us, it is impossible to evaluate

---

[18] 284 Ga. 112, 115 (3) (663 SE2d 714) (2008) (holding that caveat to petition for probate and claims for breach of fiduciary trust, constructive trust, and intentional interference with a gift were not identical causes of action because the focus of the claims was the alleged direction to make an inter vivos gift, not the validity of the will), disapproved of on other grounds by *Gilliam v. State*, 312 Ga. 60, 63 (860 SE2d 543) (2021). But see *Crowe*, 290 Ga. at 688 (holding that causes of action for breach of contract and motion to set aside year's support were identical when the gravamen of each challenge was assertion that decedent's widow refused to abide by an oral agreement regarding the ultimate distribution of decedent's estate); *McGraw v. Smith*, 232 Ga. App. 513, 514 (1) (502 SE2d 347) (1998) (holding that causes of action were identical when "caveat contended that [decedent's] will did not effectuate his oft-stated intent to his children that his estate be divided into equal shares" and the plaintiffs relied upon decedent's "purported statements that he planned to divide his estate into equal shares as the rationale for imposing a constructive trust").

[19] *Coen*, 304 Ga. at 112 (2) (citations and punctuation omitted).

[20] *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107) (1984); see *Gallemore v. White*, 303 Ga. 209, 210 (1) (811 SE2d 315) (2018) ("[A]ppellant . . . has the burden of demonstrating error.").

Chambers's claim that res judicata does not apply.[21] As Chambers has not carried his burden of demonstrating error, we must affirm.[22]

Chambers also argues that res judicata and estoppel do not apply because he was not a party to the sale of their mother's house. But res judicata and estoppel require an identity of the parties to the causes of action, not that Chambers have been a party to the sale. Once again, without the caveat and counterclaim before the Court, it is impossible to evaluate Chambers's claim, and he has not met his burden of showing error.

---

[21] See *Dashiell v. Standard Mgmt. Co.*, 174 Ga. App. 442 (1) (330 SE2d 179) (1985) (affirming grant of summary judgment on res judicata and full faith and credit grounds when "[t]he prior judgment argued by appellant is not included in the record" because "we must assume the trial court's judgment was proper and supported by sufficient evidence"); see also *In the Interest of R. W.*, 265 Ga. App. 141, 142 (592 SE2d 907) (2004) (holding that this Court could not determine whether res judicata applied when mother, who claimed res judicata barred deprivation action, failed to include in the record the pleadings and judgments from earlier actions).

[22] See *Dashiell*, 174 Ga. App. at 442 (1); see also *Roach v. State*, 221 Ga. 783, 786 (4) (147 SE2d 299) (1966) ("The burden is on him who asserts error to show it affirmatively by the record.").

Lastly, Chambers argues that the probate court did not issue a ruling on the merits of his claims against Edwards because his caveat and counterclaim were dismissed.[23] This argument is not persuasive.

For purposes of res judicata, "[i]f, pursuant to an appropriate handling of the case, the merits were *or* could have been determined, then the defense is valid."[24] If Chambers "had properly presented and managed" his case by filing a timely counterclaim and caveat, the probate court could have considered his objections on the merits.[25]

*Both v. Frantz*,[26] upon which Chambers relies, is distinguishable. In that case, we held that a wife's voluntary dismissal of her caveat to the petition to probate her

---

[23] Chambers concedes that the probate court is a court of competent jurisdiction. Chambers also summarily argues that his counterclaim and caveat did not waive his subsequent tortious interference claim, but he has provided neither argument nor citation to authority in support of this argument. Accordingly, this claim of error has been abandoned. See Court of Appeals Rule 25 (c) (1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned.").

[24] *Piedmont Cotton Mills v. Woelper*, 269 Ga. 109, 110 (498 SE2d 255) (1998) (citation omitted; emphasis in original); accord *Yates Paving & Grading Co. v. Bryan Co.*, 287 Ga. App. 802, 805 (2) (652 SE2d 851) (2007).

[25] See *Piedmont Cotton Mills*, 269 Ga. at 110.

[26] 278 Ga. App. 556 (629 SE2d 427) (2006).

11

husband's will could not serve as a basis for res judicata or collateral estoppel because the voluntary dismissal of an action is not a judgment on the merits.[27] Here, Chambers did not voluntarily dismiss his caveat without prejudice; the probate court dismissed his caveat and counterclaim because they were not timely and, furthermore, discharged Edwards and released her from liability.[28] Thus, it appears that the probate court's ruling was an adjudication on the merits, as required for res judicata.[29]

*Judgment affirmed. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[27] Id. at 560 (3).

[28] See generally OCGA § 53-7-50; *Warnock*, 206 Ga. at 550.

[29] "[C]ollateral estoppel only precludes those issues that actually were litigated and decided in the previous action, or that necessarily had to be decided in order for the previous judgment to have been rendered." *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 867 (2) (463 SE2d 5) (1995). Because Chambers has not met his burden of showing error as to res judicata, we need not determine whether collateral estoppel also barred his action.